133 Cal.Rptr.2d 820 (2003)
108 Cal.App.4th 728
The PEOPLE, Plaintiff and Respondent,
v.
Christopher BURROUGHS, Defendant and Appellant.
No. D039544.
Court of Appeal, Fourth District, Division One.
May 13, 2003.
Review Granted July 23, 2003.
*822 Laurel Nelson Smith, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Peter Quon, Jr., and Erika Hiramatsu, Deputy Attorneys General, for Plaintiff and Respondent.
Certified for Partial Publication.[1]
*821 Mcdonald, J.
Christopher Burroughs appeals a judgment entered after he pleaded guilty to one count of robbery (Pen.Code, § 211).[2] After the trial court had twice revoked Burroughs's probation, it ordered execution of his three-year prison sentence. On appeal Burroughs contends: (1) the trial court erred by denying him credits toward his prison term for time spent at a residential alcohol counseling program; (2) the trial court erred by denying him credits toward his prison term under section 4019 for time spent in the county jail and under section 2900.5 for time spent at a courtordered residential treatment facility because he did not knowingly and intelligently waive those credits; and (3) he was denied effective assistance of counsel. We reverse the trial court's denials of credits toward his prison term and remand for further proceedings to determine whether Burroughs is entitled to credits for time spent at a residential alcohol counseling program and to award Burroughs appropriate section 4019 and section 2900.5 credits; in all other respects, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND
On July 20, 1999, Burroughs robbed a McDonald's restaurant. On September 30 Burroughs pleaded guilty to one count of robbery (§ 211) pursuant to a plea agreement that provided the maximum prison term imposed for the robbery would be the middle term of three years.[3]
On January 19, 2000, the trial court imposed a sentence of three years in prison, but suspended its execution and granted Burroughs probation for four years, committing him to the custody of the sheriff for 365 days with credit for actual custody served of 184 days. One condition of his probation was that he attend and successfully *823 complete an alcohol counseling program as directed by his probation officer. Another condition of his probation was that he totally abstain from the use of alcohol. Burroughs waived all past and future section 4019 credits.
On July 18, 2001, Burroughs admitted violating the conditions of his probation by consuming alcohol. The trial court revoked his probation and then reinstated it with a modified condition of probation that he complete a long-term residential treatment program as directed by the probation department. He waived all credits while in that treatment program.
On January 30, 2002, Burroughs admitted violating the conditions of his probation. The trial court revoked his probation and ordered execution of its previously imposed sentence of three years in prison with credit for actual custody served of 376 days.
Burroughs filed a notice of appeal.

DISCUSSION

I

Credit for Time Spent in Alcohol Counseling Program
Burroughs contends the trial court erred by not awarding him section 2900.5 credit toward his three-year prison term for time spent before revocation of his probation on July 18, 2001, in a Salvation Army alcohol counseling or treatment program he contends his probation officer directed him to attend.

A
At the January 19, 2000 hearing, the trial court suspended execution of the three-year prison term it imposed and granted Burroughs probation on the condition, inter alia, that he "[a]ttend and successfully complete [an] alcohol counseling program [as] directed by the P.O. [i.e., probation officer]."[4] According to a supplemental probation report, "[o]n 10-11-00, [Burroughs] entered the Salvation Army Drug and Alcohol Program. He completed a six[-]month Program, and was discharged on 04-16-01."
At the July 18, 2001 probation revocation hearing, Burroughs inquired whether he would receive credit for the time he spent in the Salvation Army program:
"I wanted to ask one question. I was in the Salvation Army several months. It was court-ordered that I[go] to a drug program. I went there. I graduated [from] the program. Now, should something go wrong, would I be given credits for those [days], for the time I spent there?"
The probation officer stated: "Apparently, ... [Burroughs] did spend time at Salvation Army; however, residential treatment was not a condition of probation at [that] time." The trial court stated: "So you do not get credit." The probation officer restated the court's decision: "So [Burroughs] does not, according to policy, get credits for that [time]."

B
Section 2900.5, subdivision (a) provides:
"In all felony and misdemeanor convictions, either by plea or by verdict, when *824 the defendant has been in custody, including, but not limited to, any time spent in a jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, juvenile detention facility, or similar residential institution, all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, and including days credited to the period of confinement pursuant to Section 4019, shall be credited upon his or her term of imprisonment ...." (Italics added.)
A trial court has the duty on sentencing a defendant to determine the total number of days to be credited a defendant under section 2900.5 for time spent in custody before sentencing. (§ 2900.5, subd. (d).) "Courts have given the term `custody' as used in section 2900.5 a liberal interpretation. [Citation.] [For example, a] defendant is entitled to credit if he is released on his own recognizance on condition he remain in a custodial setting. [Citations.]" (People v. Darnell (1990) 224 Cal.App.3d 806, 809, 274 Cal.Rptr. 110.) People v. Ambrose (1992) 7 Cal.App.4th 1917, 9 Cal. Rptr.2d 812 stated:
"The term `in custody' as used in section 2900.5, subdivision (a) has never been precisely defined. People v. Reinertson (1986) 178 Cal.App.3d 320, 326, 223 Cal. Rptr. 670 ... concluded: `It is clear from the words of the statute and [from] judicial decisions that, for purposes of credit, `custody' is to be broadly defined. [Citations.] ... The courts [that] have considered the question generally focus on such factors as the extent freedom of movement is restricted, regulations governing visitation, rules regarding personal appearance, and the rigidity of the program's daily schedule. [Citation.] [II] While no hard and fast rule can be derived from the cases, the concept of custody generally connotes a facility rather than a home. It includes some aspect of regulation of behavior. It also includes supervision in a structured life style.' [Citation.]" (Ambrose, supra, at pp.1921-1922, 9 Cal.Rptr.2d 812.)
"The question of whether a particular facility should be regarded as sufficiently restrictive as to amount to custody constitutes a factual question [citation], even though certain facilities by their very nature involve some restraint on untrammeled liberty [citation.] Although it is difficult to conceive of a live-in alcohol treatment program that does not include some modification of behavior and supervision, at least regarding the availability of alcohol, this does not necessarily constitute `custody.'" (Ambrose, supra, at p.1922, 9 Cal.Rptr.2d 812, italics added.)

C
In denying Burroughs credit toward his prison sentence for time he spent in the Salvation Army drug and alcohol program, the trial court did not address or decide whether that program was a residential treatment program or, more importantly, whether it was "custodial" under section 2900.5. Rather, its denial of section 2900.5 credit was based solely on the probation officer's representation that "residential treatment was not a condition of [Burroughs's] probation at [that] time."
The record on appeal does not show that Burroughs's time in the Salvation Army program was not a condition of his probation. One condition of his probation at that time was that he "[a]ttend and successfully complete [an] alcohol counseling program [as] directed by the [probation officer]." The record does not show whether the Salvation Army program could be considered an "alcohol counseling program" under Burroughs's condition of probation or whether Burroughs's probation *825 officer directed him to attend the Salvation Army program. Furthermore, Burroughs's condition of probation did not restrict the "alcohol counseling program" to a nonresidential or noncustodial program. Therefore, if his probation officer directed him to attend a residential alcohol counseling program, Burroughs may be entitled to section 2900.5 credit if that program was custodial under section 2900.5. However, the record does not show whether the Salvation Army program Burroughs attended was either residential or custodial. Although Burroughs argues his letter to the trial court after the January 30, 2002 hearing establishes the program was residential, that letter is insufficient to conclusively show it was residential.[5] In any event, his letter does not establish the program was custodial under section 2900.5. Because the trial court did not properly address and decide questions of fact regarding Burroughs's possible entitlement to section 2900.5 credit for time he spent in the Salvation Army program, we remand the matter to the trial court to conduct an evidentiary hearing on that issue and decide those questions of fact and whether he is entitled to section 2900.5 credit toward his prison sentence for that time and, if so, the appropriate number of days of credit.

II

Waiver of Section 19 Credits and Future Custody Credits for Time Spent in Residential Treatment Program
Burroughs contends the trial court erred by denying him credits toward his three-year prison term under section 4019 for time spent in the county jail and under section 2900.5 for time spent following reinstatement of his probation on July 18, 2001, in a court-ordered residential treatment facility.

A
At the January 19, 2000 hearing, Burroughs waived all past and future section 4019 credits as a condition of the court's grant of probation. The trial court stated: "The court's indicated sentence is to suspend prison to give him a bullet. He is going to waive his [section] 4019 credits." Burroughs's counsel stated: "That's agreeable, your Honor." The trial court then imposed and suspended a three-year prison term, granting Burroughs probation for four years and committing him to the custody of the sheriff (i.e., local jail) for 365 days with credit for 184 actual days served. The court inquired of Burroughs: "[Y]ou are waiving your past and future [section] 4019 credits; is that correct, sir?" Burroughs replied, "Yes, sir." The court inquired of Burroughs what would happen if he violated the conditions of his probation. He replied, "I go to state prison."
At the July 18, 2001 hearing, after Burroughs admitted violating the conditions of his probation, the trial court revoked his probation and then reinstated it with a modified condition of probation that he complete a long-term residential treatment program as directed by the probation department. He waived all credits while in that treatment program. The trial court inquired of Burroughs: "Are you willing to go into a long-term residential treatment program?" He replied, "Yes." The court inquired: "Are you willing to waive your actual credits [while in that program] at this time in exchange for this [reinstatement *826 of probation]?" Burroughs replied, "Yes."

B
Section 4019 provides that when a prisoner is committed to a county jail as a condition of probation, he or she is entitled to certain conduct credits for satisfactorily complying with the jail's reasonable rules and regulations and for not refusing to satisfactorily perform any labor assigned by the sheriff.[6] Section 2900.5 provides credits toward a defendant's prison term for the time he or she spends in custodial rehabilitation facilities or similar residential institutions as a condition of probation in compliance with a court order. (§ 2900.5, subd. (a).) People v. Johnson (2002) 28 Cal.4th 1050, 123 Cal.Rptr.2d 700, 51 P.3d 913 states: "Under section 2900.5, a defendant sentenced either to county jail or to state prison is entitled to credit against the term of imprisonment for days spent in custody before sentencing as well as those served after sentencing as a condition of probation. [Citation.] This provision also applies to custodial time in a residential treatment facility." (Id. at p. 1053, 123 Cal.Rptr.2d 700, 51 P.3d 913.)
Because section 19.2 limits a person's confinement in county jail as a condition of probation to one year, trial courts often require a defendant to waive his or her right to credit for time in custody so that on grant of probation, or on subsequent revocation and reinstatement of probation, the court may require a defendant to serve additional time in local custody. (People v. Johnson, supra, 28 Cal.4th at pp. 1053-1055, 123 Cal.Rptr.2d 700, 51 P.3d 913; People v. Johnson (1978) 82 Cal.App.3d 183, 188, 147 Cal.Rptr. 55.) "A `Johnson-waiver' is commonly employed where the court is hesitant to impose a prison sentence, but a defendant has already served most of the one year maximum permitted in county jail. In such a case, the court may wish to impose enough additional jail time to compel the defendant to recognize the seriousness of his actions, while the defendant wishes to avoid a prison term; by waiving his credits, the defendant submits to additional jail time, but avoids prison." (People v. Eastman (1993) 13 Cal. App.4th 668, 678, 16 Cal.Rptr.2d 608, fn. omitted.)
The California Supreme Court recently stated: "[A] defendant may expressly waive entitlement to section 2900.5 credits against an ultimate jail or prison sentence for past and future days in custody." (People v. Johnson, supra, 28 Cal.4th at pp. 1054-1055, 123 Cal.Rptr.2d 700, 51 P.3d 913.) However, "[a]s with the waiver of any significant right by a criminal defendant, a defendant's waiver of entitlement to section 2900.5 custody credits must, of course, be knowing and intelligent. [Citation.] Because a defendant may give up the statutory right to custody credits, a trial court has discretion to condition a grant or extension of probation upon a defendant's express waiver of past and future custody credits." (Id. at p. 1055, 123 Cal.Rptr.2d 700, 51 P.3d 913, fn. omitted, italics added.) The California Courts of Appeal are divided on what a defendant must show to prove a waiver was not knowing and intelligent and that issue is pending before the California Supreme Court in People v. Arnold, review granted June 12, 2002, S106444, and People v. Jeffrey, review granted June 12, 2002, S105978. However, until those cases are decided we apply the majority view of published cases to date. "A `knowing and intelligent waiver' of a right implies that *827 the waiver was entered into with awareness of its consequences. [Citations.]" (People v. Harris (1987) 195 Cal.App.3d 717, 725, 240 Cal.Rptr. 891.) "[B]efore a defendant agrees to waive custody credit to which he is entitled, he should understand the full consequences of the waiver." (People v. Ambrose, supra, 7 Cal.App.4th at pp.1922-1923, 9 Cal.Rptr.2d 812, italics added.) "An awareness of the [full] consequences of waiving any right should include an understanding of the impact of that waiver on the amount of time a defendant may be incarcerated. [Citations.]" (Id. at p.1922, 9 Cal.Rptr.2d 812.) The totality of the circumstances shown in the entire record is reviewed in determining whether a defendant had a sufficient understanding of the full consequences of the waiver.[7] (People v. Salazar (1994) 29 Cal. App.4th 1550, 1554, fn. 1, 35 Cal.Rptr.2d 221; People v. Howard (1992) 1 Cal.4th 1132, 1174-1178, 5 Cal.Rptr.2d 268, 824 P.2d 1315.) Although there do not appear to be any published cases applying the standard of proof for knowing and intelligent section 2900.5 waivers to section 4019 waivers, we are unaware of any reason not to, and therefore shall, apply the same standard.

C
Because the record does not show Burroughs understood that his section 4019 and section 2900.5 credit waivers applied not only to county jail time required as a condition of his probation but also to any future prison term, those waivers were not knowing and intelligent and therefore he is entitled to section 4019 and section 2900.5 credits toward his three-year prison term. The record in this case does not show that Burroughs was either expressly or implicitly informed that the waivers of section 4019 and section 2900.5 would apply to any future prison term. Rather, all references to those waivers were general. Although Burroughs expressly waived those credits in receiving probation, those express waivers and discussions before and after those waivers made no reference to the application of the waivers toward any future prison term, and Burroughs did not acknowledge he would be required to serve the full three-year prison term if he violated the conditions of his probation.[8] (Cf. People v. Ambrose, supra, 7 Cal. App.4th at p.1923, fn. 4, 9 Cal.Rptr.2d 812 [trial court expressly advised the defendant that his waiver of section 2900.5 credits would apply toward any future prison *828 term].)[9] The record also does not show Burroughs's counsel advised him, either in or out of court, that those waivers would apply toward any future prison term. The record also does not show that Burroughs waived those credits "for all purposes." (Cf. People v. Salazar, supra, 29 Cal. App.4th at p. 1553, 35 Cal.Rptr.2d 221 [trial court stated that defendant's prior section 2900.5 credits "`will be waived for all time and for all purposes.'"].) Because the record in this case does not show Burroughs's waivers of section 4019 and section 2900.5 credits applied toward any future prison term, the trial court erred by denying him those credits and on remand must calculate and award him the appropriate number of sections 4019 and 2900.5 credits toward his three-year prison term.

III[*]

DISPOSITION
The judgment is affirmed, except that the rulings denying appellant section 2900.5 and section 4019 credits toward his prison term are reversed and the matter is remanded for further proceedings consistent with this opinion.
I CONCUR: BENKE, J.
KREMER, P.J.
I respectfully dissent for the reasons stated in People v. Burks (1998) 66 Cal. App.4th 232, 77 Cal.Rptr.2d 698.
NOTES
[1] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part III.
[2] All statutory references are to the Penal Code unless otherwise specified.
[3] The plea agreement also provided that four other charges against Burroughs would be dismissed.
[4] The reporter's transcript shows the trial court described this condition as follows: "As directed by your probation officer, you must attend, successfully complete, an alcohol counseling program." There is no substantive difference between the trial court's oral description of the condition and its description of the condition in the written probation order quoted ante.
[5] Burroughs's February 13, 2002 letter to the trial court stated in part: "I spent [one and one-half] years on probation and 7 months in the Salvation Army rehabilitation center (as directed by the court and my [probation officer]) that [his defense counsel] failed to incorporate into my custody credits."
[6] Section 4019, subdivision (f) provides: "It is the intent of the Legislature that if all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody.
[7] People v. Burks (1998) 66 Cal.App.4th 232, 77 Cal.Rptr.2d 698 represents the minority view regarding the proof required to show a waiver was not knowing and intelligent. Burks stated: "[W]e believe the Harris rule improperly bestows a windfall on a defendant who repeatedly violates probation.... If a defendant wants to restrict the waiver of custody credits to extend the jail time he can serve, but preserve the same credits for future use against prison time, the burden should be on the defendant to propose that to the sentencing court for its approval." (Id. at p. 236, 77 Cal.Rptr.2d 698, fn. omitted.) It continued: "[A] waiver of custody credits is presumptively applicable to any future term of imprisonment." (Id. at p. 237, 77 Cal.Rptr.2d 698, italics added.) Burks summarized its holding: "We hold that when a defendant agrees to waive custody credits after violating probation, the waived credits may not be recaptured when probation is violated again, unless the agreement expressly reserves that right. In the absence of such a record, custody credits once waived may not be used again." (Id. at p. 234, 77 Cal.Rptr.2d 698.) As stated ante, until the California Supreme Court decides otherwise, we reject Burks's holding and apply the standard of proof set forth in the majority view cases.
[8] Burroughs's general acknowledgement at the January 19, 2000 hearing that he would "go to state prison" if he violated the conditions of his probation does not reflect an understanding that he would go to prison for the full three-year prison term without receiving any section 4019 and section 2900.5 credits toward that term.
[9] In Ambrose, the trial court advised the defendant regarding the section 2900.5 waiver: "`What that means is if you take one drink, Mr. Ambrose, you are going to go to state prison and you don't get credits for the time you have been in custody. If you are not serious about this, bite the bullet and take advantage of credits.... [¶] ... [¶] ... One joint, one drink and it's state prison. You don't get any credit for the time you spend in [the residential treatment program].'" (People v. Ambrose, supra, 7 Cal.App.4th at p.1923, fn. 4, 9 Cal.Rptr.2d 812.) After receiving that advisement, the defendant waived his section 2900.5 credits. (Ibid.)
[*] See footnote 1, ante.