[No. A080649. First Dist., Div. Three. Aug. 24, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
LONNIE RAY BURKS, Defendant and Appellant.

## Counsel

Mara Carman, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Laurence K. Sullivan and Thomas A. Brady, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PARRILLI, J.**—We hold that when a defendant agrees to waive custody credits after violating probation, the waived credits may not be recaptured when probation is violated again, unless the agreement expressly reserves that right. In the absence of such a record, custody credits once waived may not be used again.

Lonnie Ray Burks appeals from a judgment sentencing him to two years in state prison following his third violation of probation. Probation was originally granted after Burks pleaded nolo contendere to a felony charge of stalking. Burks served a year in county jail as a condition of the grant of probation. After his first violation, he waived credit for the year he had served and was sentenced to 90 days in county jail. After his second violation, the court reinstated probation without imposing any jail time. Burks now contends he is entitled to the credit for time served that he waived when he was sentenced after his first probation violation. Because the court failed to advise him that his waiver would apply to a future prison term as well as to his county jail time, Burks claims his waiver was not knowing and intelligent. Although this argument is supported by *People v. Harris* (1987) 195 Cal.App.3d 717 [240 Cal.Rptr. 891] (*Harris*), we disagree with *Harris* and follow the earlier rule stated in *People v. Zuniga* (1980) 108 Cal.App.3d 739, 743 [166 Cal.Rptr. 549] (*Zuniga*)—a defendant "cannot use his own misconduct as a basis for setting aside the waiver which he executed as a condition for obtaining leniency in the first instance."

■ Penal Code, section 2900.5[1] requires all time spent by a defendant in custody, and all "work time" and "good time" credits accrued under section 4019, to be deducted from the defendant's term of imprisonment, including any term served as a condition of probation. (§ 2900.5, subds. (a) and (c).) Section 19.2 provides that a defendant may not be committed to a county jail term of more than a year as a condition of probation. A defendant may waive these statutory requirements, however. (*People v. Johnson* (1978) 82 Cal.App.3d 183, 187-188 [147 Cal.Rptr. 55]; *People v. Bailey* (1983) 140 Cal.App.3d 828, 831-832 [189 Cal.Rptr. 918].) It is now common practice for defendants to waive custody credits so as to avoid going to state prison

---

[1]Further statutory references are to the Penal Code.

after a probation violation. The waiver allows the court to reinstate probation on the condition that the defendant serve more time in jail. (*People* v. *Salazar* (1994) 29 Cal.App.4th 1550, 1555 [35 Cal.Rptr.2d 221].)

The question before us is whether a defendant who is sent to prison after yet another probation violation may regain his waived credits by asserting he did not understand that his credit waiver would apply to a future prison term. In *Zuniga*, the court rejected the argument that once a defendant is removed from probation, the bargain that got him there may be renegotiated. (108 Cal.App.3d at p. 743.) The theory that a waiver of custody credits may be set aside because the defendant was inadequately informed of its consequences was first developed in *Harris*. There, the judge conducting the probation violation proceedings followed *Zuniga* and refused to give the defendant credit against his prison sentence for the time he had waived when sentenced on his second and third probation violations. The Court of Appeal, Third Appellate District decided that consideration must be given to whether the defendant's waiver was "knowingly and intelligently" made. (*Harris*, *supra*, 195 Cal.App.3d at pp. 721-722.) It concluded the defendant "was not made aware of the trap being set for him" when he waived time in order to get a county jail term instead of time in state prison. Therefore, it modified the judgment to restore the previously waived credits. (*Id.* at pp. 724-726.)

In *People* v. *Salazar*, the Court of Appeal, First Appellate District, Division One held that a custody credit waiver may be found to have been voluntary and intelligent from the totality of the circumstances, even if the sentencing court failed to follow the "better course" of specifically advising the defendant regarding the scope of his waiver. (29 Cal.App.4th at p. 1554.) *Harris* was distinguished on the ground that Salazar had failed to object when the trial court stated his waiver was "for all time and for all purposes," supporting the inference that Salazar understood the waiver would apply to a future prison term. (*Id.* at pp. 1555-1556.) Here, there is nothing in the record to support an inference that Burks knew his waiver applied to state prison time. The waiver was negotiated with sophistication, however. Burks's counsel, Diana Duey, told the court that in order to receive the 60-day jail term recommended by the probation department, Burks was willing to waive 60 of the 365 days he had spent in jail as a condition of the original grant of probation.[2] The court was unwilling to permit Burks to so limit the waiver:

"THE COURT: Ms. Duey, the only type of waiver the Court would accept at this point is a waiver of the credits for time served that he's built up to

---

[2]Duey also sought to preserve Burks's credit for the time he had served since his latest arrest. The court implicitly granted this request, giving Burks a 90-day sentence reduced by 54 days for time served and for good behavior.

today's date. And then this Court would impose a further probationary sentence—

"Ms. DUEY: He's willing to do that, Your Honor.

"THE COURT: Mr. Burks, do you understand that you have already served in this case in excess of 300 and—well, the equivalent of in excess of a year in the county jail?

"THE DEFENDANT: Yes, sir.

"THE COURT: You have a right to have that time to be credited against any sentence the Court may impose; do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: At this time are you willing to give up the credits that you have already earned up to today's date and allow the Court to go ahead and sentence you with that in mind?

"THE DEFENDANT: Yes, sir.

"THE COURT: Okay. The Court will accept that waiver of his credits."

It might be argued that by insisting on a waiver of more credits than was necessary to comply with the one-year limit on jail commitments, the court must have meant to deprive Burks of credits against a future term of imprisonment. However, there is no indication Burks understood this. On the other hand, there is also no indication Burks thought he would be able to use his credits to reduce a future prison term. In this situation, we believe the *Harris* rule improperly bestows a windfall on a defendant who repeatedly violates probation. *Harris* permits such a defendant to renegotiate a sentencing bargain that was honored by the court but not by the defendant, the very result that was correctly rejected in *Zuniga*. If a defendant wants to restrict the waiver of custody credits to extend the jail time he can serve, but preserve the same credits for future use against prison time, the burden should be on the defendant to propose that to the sentencing court for its approval.[3]

Nothing in the statutory scheme suggests that custody credits are kept in dual accounts, one for use against jail time and one for use against prison

---

[3]To determine whether a waiver is knowing and intelligent, the inquiry should begin and end with deciding whether the defendant understood he was giving up custody credits to which he was otherwise entitled. Ordinarily, once something is given up or used, it is gone and does not magically resurrect itself to be used again. The defendant may always claim the court failed to determine he understood he was waiving the custody credits. However, *Harris*

time. To the contrary, section 2900.5 treats all credits uniformly, wherever accrued and wherever applied. Therefore, a waiver of custody credits is presumptively applicable to any future term of imprisonment. If a defendant is told by his counsel that his waiver will not affect future prison time, but counsel neglects to inform the court of this aspect of the waiver—as happened in *Harris* (195 Cal.App.3d at pp. 722-725)—the defendant may seek relief by claiming ineffective assistance of counsel. He should not be permitted to attack his waiver by faulting the court for failing to foresee his recidivism and warn him of its consequences.

Before Burks's waiver was accepted he faced a state prison term, which would have been reduced by his custody credits. He chose to give up those credits in return for the benefits of being reinstated on probation and serving time in jail instead of prison. Having declined one opportunity to offset his custody credits against a prison term, he could not reasonably expect to get another if he violated his terms of probation yet again. ■ "Probation is a form of leniency which is predicated on the notion that a defendant, by proving his ability to comply with the requirements of the law and certain special conditions imposed upon him, may avoid the more severe sanctions justified by his criminal behavior. Once given the opportunity for lenient treatment the choice is his as to whether he merits being continued on probation." (*Zuniga, supra*, 108 Cal.App.3d at p. 743.) ■ When a defendant repeatedly makes wrong choices in this situation, it is neither logical nor just to allow him to retract a custody credit waiver that enabled him to prolong his probation, leaving him no worse off after another violation than he was after the violation that prompted the waiver. (*Ibid.*; *People v. Salazar, supra*, 29 Cal.App.4th at p. 1555.)

### DISPOSITION

The judgment is affirmed.

Phelan, P. J., and Walker, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 2, 1998. Kennard, J., was of the opinion that the petition should be granted.

---

invites the defendant to claim the waiver was not knowing and intelligent because the court failed to remind him his waived credits would not be reinstated if he continued to violate probation. Such an admonition is illogical, and no court should be required to engage in this nonsensical discourse. Nor should the law permit a defendant to impose unspoken restrictions on a waiver of custody credits.