[No. S105978. June 28, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
SHELLY J. JEFFREY, Defendant and Appellant.

**COUNSEL**

Michael B. McPartland, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Jeffrey M. Laurence, Sharon G. Birenbaum, René A. Chacón, David M. Baskind and Ryan B. McCarroll, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BAXTER, J.**—This is a companion case to *People v. Arnold* (2004) 33 Cal.4th 294 [14 Cal.Rptr.3d 840, 92 P.3d 335] (*Arnold*). In *Arnold*, we interpret the scope and effect of a defendant's waiver of custody credits—commonly referred to as a "*Johnson* waiver" (*People v. Johnson* (1978) 82 Cal.App.3d 183 [147 Cal.Rptr. 55] (*Johnson*)—which enables a sentencing court to reinstate a defendant on probation after he or she has violated probation one or more times, conditioned on service of an additional county jail term, as an alternative to imposing a state prison sentence. *Arnold* holds that when a defendant knowingly and intelligently waives jail time custody credits after violating probation, in order to be eligible for reinstatement on probation, conditioned on service of additional jail time, the waiver applies to any future use of such credits should probation ultimately be terminated and a state prison sentence imposed.

*Arnold* involves a waiver of only *presentence jail time* custody credits. The instant case, in contrast, involves a waiver of such credits as well as *future credits to be earned in a residential drug treatment program*. As a general matter, the validity of a *Johnson* waiver of *future credits* to be earned in a residential drug or alcohol treatment facility was recently unanimously established by this court in *People v. Johnson* (2002) 28 Cal.4th 1050, 1054–1055 [123 Cal.Rptr.2d 700, 51 P.3d 913]. The question in this case is whether the waiver analysis we adopt in *Arnold*, respecting the nonavailability of waived presentence jail time custody credits where probation is terminated and the defendant sentenced to state prison, applies equally to waived future credits to be earned in a residential drug or alcohol treatment facility. We conclude that it does. The result reached by the Court of Appeal in this case is consistent with that conclusion. Accordingly, the judgment shall be affirmed.

### FACTS AND PROCEDURAL BACKGROUND

In September 1998, defendant Shelly J. Jeffrey was charged in Solano County Superior Court case No. FC170864 with welfare fraud in excess of $400 (Welf. & Inst. Code, § 10980, subd. (c)(2)) and five counts of perjury (Pen. Code, § 118). In January 2000, defendant was charged in case No. FC180308 with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), unauthorized possession of a hypodermic needle or syringe (Bus. & Prof. Code, § 4140), and driving with a suspended license (Veh. Code, § 14601.1, subd. (a)). It was further alleged that defendant was in unlawful possession of the methamphetamine while released on bail and on her own recognizance in case No. FC170864.

On January 20, 2000, defendant pled no contest to welfare fraud in case No. FC170864 and possession of a controlled substance (methamphetamine) in case No. FC180308, further admitting the on-bail enhancement alleged in the latter case. Pursuant to the plea agreement all remaining charges were dismissed. In March 2000, imposition of sentence was suspended and defendant placed on three years' formal probation in both cases. In order for defendant to qualify for placement in a residential drug treatment program as a condition of probation, she was required to waive all presentence custody credits as well as any future credits that would be earned while in the residential treatment facility.

On June 20, 2000, defendant's probation officer requested that probation be revoked because defendant had been discharged from the residential drug treatment program after one month without completing it. Probation was revoked and a bench warrant for defendant's arrest issued that same day.

On March 16, 2001, defendant was returned to court and admitted the probation violation. On March 30, 2001, she was sentenced to state prison for two years on the welfare fraud conviction, with a concurrent two-year term for the possession of methamphetamine conviction. Over defendant's objection, the sentencing court awarded defendant credit for only 37 actual days served in custody after her arrest for the probation violation.

Defendant appealed her sentence, claiming the sentencing court erred by failing to apply the previously waived custody credits (for both presentence jail time and postsentence residential treatment facility time) toward her prison term because her *Johnson* waiver was not knowing and intelligent regarding the possible future consequences of the credit waiver if a prison sentence were ultimately imposed. In an unpublished opinion the Court of Appeal disagreed and affirmed, concluding defendant's waiver of all credits was valid and effectual where "the record is silent concerning the intended scope of defendant's credit waiver." We granted defendant's petition for review.

### DISCUSSION

■ In *Arnold, supra,* 33 Cal.4th 294, a companion case to the instant matter, we interpreted the scope and effect of a defendant's waiver of presentence jail time custody credits—oftentimes referred to as a *Johnson* waiver (*Johnson, supra,* 82 Cal.App.3d 183)—which enables a sentencing court to reinstate a defendant on probation after he or she has violated probation, conditioned on service of additional county jail time, as an alternative to imposing a state prison sentence, without running afoul of the sentencing proscriptions of Penal Code section 19.2. We conclude in *Arnold* that when a defendant knowingly and intelligently waives local jail time custody credits after

violating probation in order to be eligible for reinstatement on probation and thereby avoid a prison sentence, the waiver is for all purposes and applies to any future use of such credits should probation ultimately be terminated and a previously suspended state prison sentence imposed. (*Arnold, supra,* 33 Cal.4th at p. 308–309.)

Briefly, the court in *Johnson, supra,* 82 Cal.App.3d 183, recognized that the interplay of Penal Code section 19.2's long-standing one-year cap on the time that can be served in county jail as a condition of probation for any single violation, and Penal Code section 2900.5's requirement that all local jail time served be credited against any subsequent county jail term imposed as a condition of reinstatement of probation, created a dilemma for sentencing courts in those cases in which the defendant had already served a year or more in county jail as a condition of probation before subsequently violating probation. In such cases, if the sentencing court desired to reinstate the defendant on probation, the interplay of the two statutes forced the sentencing court to choose between sentencing the defendant to state prison or imposing no additional jail time as a condition of reinstatement of probation—because applying custody credit for the earlier one year of county jail time against the new county jail term would result in the defendant's having already served the maximum one-year county jail term permitted under section 19.2 for the new violation. (*Arnold, supra,* 33 Cal.4th at p. 301, 14 Cal. Rptr.3d at pp. 844–45, 92 P.3d at p. 339.) The *Johnson* court therefore fashioned the rule that "a defendant who has served one year in jail as a condition of probation and who thereafter violates probation may be sentenced to an additional period of up to one year in jail if he knowingly and intelligently waives the provisions of Penal Code section 2900.5." (*Johnson, supra,* 82 Cal.App.3d at pp. 184–185.) *Johnson*'s waiver rule has been a settled rule of criminal procedure in this state for over two decades now.

Our decision in *Arnold* addressed the further issue that arises when a defendant has been afforded the benefit of one or more *Johnson* waivers, in order to permit the sentencing court to continue or reinstate the defendant on probation conditioned on service of an additional county jail term as described above, and the most recent probation violation ultimately convinces the court that probation must be terminated and the defendant sentenced to state prison. Under those circumstances, may all the waived custody credits for local time spent in jail as a condition of probation be recaptured and applied against the state prison sentence being imposed? *Arnold* holds that a knowing and intelligent *Johnson* waiver of local jail time custody credits is a waiver of such credits for all purposes, and that such waived credits may not be recaptured and applied against a subsequently imposed prison sentence in the event probation is revoked and a prison term imposed due to the defendant's own unlawful or unsatisfactory conduct while on probation. (*Arnold, supra,* 33 Cal.4th at p. 308–309; accord, *People v. Burks* (1998) 66 Cal.App.4th 232, 236 [77 Cal.Rptr.2d 698] (*Burks*).)

■ The provisions of Penal Code section 2900.5—entitling a defendant sentenced either to county jail or state prison to credit against the term of imprisonment for days spent in custody before sentencing as well as those served after sentencing as a condition of probation—apply to custodial time in a residential treatment facility as well as straight county jail time. (Pen. Code, § 2900.5, subd. (a); *People v. Johnson, supra,* 28 Cal.4th at p. 1053.) In the instant case, defendant executed a *Johnson* waiver of both presentence local jail time custody credits and future credits to be earned while in a residential drug treatment facility as a condition of probation.

The validity of a *Johnson* waiver of *future credits* to be earned in a residential drug or alcohol treatment facility was recently unanimously established by this court in *People v. Johnson, supra,* 28 Cal.4th 1050. Citing various cases upholding custody credit waivers in a wide variety of circumstances, and noting that the Courts of Appeal have not questioned that a defendant may waive entitlement to such credits under section 2900.5, we stated: "Like the Courts of Appeal that have addressed the issue, we too conclude that a defendant may expressly waive entitlement to section 2900.5 credits against an ultimate jail or prison sentence for past *and future days in custody*." (*People v. Johnson,* at pp. 1054–1055, italics added; see also *People v. Torres* (1997) 52 Cal.App.4th 771, 775 [60 Cal.Rptr.2d 803]; *People v. Ambrose* (1992) 7 Cal.App.4th 1917 [9 Cal.Rptr.2d 812].) As noted by the court in *Ambrose, supra,* at page 1925, when probation is conditioned upon completion of a residential treatment program, custody credit waivers ensure the defendant's "optimum chances of success in [the] treatment program, while reserving an appropriate sentence if, despite the opportunity received, the treatment program and probation are not completed."

■ The question remains whether a *Johnson* waiver of *future* custody credits to be earned in a residential drug or alcohol treatment facility is a waiver of such credits for all purposes, including application of such credits to a subsequently imposed prison term in the event probation is revoked. We conclude that it is. Defendant has presented us with no reason or argument why the rule we announce today in *Arnold* regarding waiver of presentence jail time custody credits should not likewise be applied to similar waivers of *future* custody credits to be earned in a residential drug or alcohol treatment facility.

■ We indicated in *Arnold* that "The better practice is for sentencing courts to expressly admonish defendants who waive custody credits under *Johnson, supra,* 82 Cal.App.3d 183, that such waivers will apply to any future prison term should probation ultimately be revoked and a state prison sentence imposed. (See, e.g., *People v. Salazar* (1994) 29 Cal.App.4th 1550, 1554 [35

Cal.Rptr.2d 221]; *People v. Ambrose* (1992) 7 Cal.App.4th 1917, 1923 [9 Cal.Rptr.2d 812].) A sentencing court's failure to include such an explicit advisement will not, however, invalidate a *Johnson* waiver by which the defendant is otherwise found to have knowingly and intelligently relinquished his or her right to custody credits under section 2900.5." (*Arnold, supra,* 33 Cal.4th at p. 309, fn. omitted.) This same caveat applies equally to *Johnson* waivers of future custody credits to be earned in a residential drug or alcohol treatment facility.

Having concluded that waiver of future custody credits to be earned in a residential treatment facility must be treated the same as waiver of presentence jail time custody credits for purposes of the scope of the waiver rule we have announced in *Arnold,* defendant makes no further argument that persuades us her waiver of both past and future custody credits was other than knowing and intelligent under the teachings of *Arnold* and *Johnson.* At the original sentencing hearing, the following colloquy transpired between the court and defendant:

"[THE COURT:] For me to place you in this program, Ms. Jeffrey, you'll have to waive all credits you have accrued previously and credits you would be entitled to on a day-for-day basis for the time spent in the [drug treatment] program. [¶] Did you have a chance to discuss that with your attorney?

"THE DEFENDANT: Yes, I did.

"THE COURT: Are you willing to waive those credits?

"THE DEFENDANT: Yes.

"THE COURT: You join in the waiver, Mr. Tamayo [defense counsel]?

"MR. TAMAYO: Yes."

As in *Arnold, supra,* 33 Cal.4th 294, and *Burks, supra,* 66 Cal.App.4th 232, there is no indication in this record that at the time defendant entered the *Johnson* waiver, she believed she would be able to recapture her waived custody credits, past or future, for use to reduce a possible future prison term. Defendant nonetheless urges that "a waiver of credits may be only for a term imposed in county jail as a condition of probation, or may be for both a probationary term and a subsequently imposed prison sentence." Defendant has cited no case in which such a distinction was ever drawn at the time of entry of a *Johnson* custody credit waiver, nor does she point to any factual basis for us to conclude that she understood her waiver to be anything other than a waiver of custody credits, both present and future, for all purposes,

plain and simple. As *Burks* explains, on an otherwise silent record, the waiver of credits must be presumed to be a waiver of credits for all purposes. "To determine whether a waiver is knowing and intelligent, the inquiry should begin and end with deciding whether the defendant understood he was giving up custody credits to which he was otherwise entitled." (*Burks, supra,* 66 Cal.App.4th at p. 236, fn. 3.)

CONCLUSION

Consistent with the rationale and holding in *Arnold, supra,* 33 Cal.4th 294, the judgment of the Court of Appeal in this matter is affirmed.

George, C. J., Kennard, J., Werdegar, J., Chin, J., Brown, J., and Moreno, J., concurred.