[No. B156790. Second Dist., Div. Eight. Aug. 18, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
ALEXANDER M. HILGER, Defendant and Appellant.

**COUNSEL**

Rachel Lederman, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka and Marc E. Turchin, Assistant Attorneys General, and Lisa J. Brault, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**RUBIN, J.**—Alexander M. Hilger appeals from the court's order denying him custody credits against his prison sentence. We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

In June 1998, police arrested appellant for assaulting his mother with a deadly weapon, an offense to which he pleaded guilty. (Pen. Code, § 245, subd. (a)(1).) On December 4, 1998, the court sentenced him to the upper term of four years in state prison, but suspended the sentence and placed him on three years' probation. The court ordered appellant as a condition of probation to complete a one-year residential substance abuse treatment program. In addition, the court required appellant to waive credit for the 169 days he spent in custody between his arrest and sentencing. It told him, "You are to receive no credit for the actual time you have been serving in the county jail up to this point in this case."

Two months later, the court revoked appellant's probation and remanded him to custody following his ejection from the treatment program on January 29, 1999. At appellant's subsequent probation revocation hearing on April 23, 1999, the court reinstated probation, conditioned on appellant's serving an additional year in county jail without credit for his almost two months in the treatment program in December and January. The court did, however, credit appellant for the 78 days he spent in custody between his discharge from the treatment program and the probation revocation hearing.

In January 2001, appellant's probation was again revoked and he was returned to custody on February 7, 2001. The court reinstated probation at appellant's April 4, 2001, probation revocation hearing, conditioned on his waiving credit for the time spent in custody and serving an additional year in county jail. The court told appellant, "You will be waiving any and all credits for any time you've served thus far."

Five months later on September 14, 2001, appellant violated probation and was remanded to custody yet again after testing positive for alcohol and cocaine. Apparently in anticipation of going to prison for his latest violation, appellant moved to receive credit in prison for all the previous time he had spent in local custody, which he calculated as 362[1] days. He asserted he was entitled to credit because he had believed his waiver of credits applied only against county jail time, not state prison.

On January 15, 2002, the court terminated probation and remanded appellant to state prison to serve his upper-term four-year sentence. It denied his motion for custody credits, finding he had waived them. Appellant thus lost

---

[1] In fact, he calculated his time in custody as 369 days, but he appears to have double-counted seven days he spent in Metropolitan State Hospital between January 29, 1999, and February 5, 1999, by also including those days in the 78 days of credit he sought between January 29 and the April 23, 1999, probation revocation hearing.

credit for 169 days spent in custody between his June 19, 1998, arrest and December 4, 1998, sentencing; 57 days in his first treatment program between sentencing and his termination from the program on January 29, 1999; 78 days in custody between his ejection from the treatment program and reinstatement of probation on April 23, 1999; and 58 days in custody between February 5, 2001, and April 4, 2001, for his penultimate probation violation. It did, however, award him 286 days actual custody and 142 good time/work time credits for his time in custody between April 4, 2001—the date of his second and final waiver—and termination of probation on January 15, 2002.

Appellant appealed the trial court's refusal to award him all his custody credits. In a published decision, we reversed and remanded. Our decision noted the unsettled law on interpreting the scope of a custody credit waiver. In a footnote, we observed that two cases were then pending before our Supreme Court involving that issue: *People v. Arnold* and *People v. Jeffrey* (later published in 2004, respectively, at 33 Cal.4th 294 [14 Cal.Rptr.3d 840, 92 P.3d 335], and 33 Cal.4th 312 [14 Cal.Rptr.3d 852, 92 P.3d 345].) While we awaited the Supreme Court's decisions in those two cases, we concluded that the record in this case did not show appellant had knowingly and intelligently waived his credits when such a waiver created the possibility he might eventually serve more time in custody than the statutory 4-year maximum for his offense. We therefore reversed and remanded the case to the trial court to calculate and award all of appellant's pre-custody credits.

The Attorney General filed a petition for review. The Supreme Court granted the petition and deferred further action pending its decisions in *People v. Arnold, supra,* 33 Cal.4th 294 (*Arnold*), and *People v. Jeffrey, supra,* 33 Cal.4th 312. It thereafter issued its opinions in those cases, and remanded this matter to us for reconsideration in light of its decisions. After reconsideration, we affirm the trial court's ruling denying appellant any more custody credits than those it has already awarded.

## DISCUSSION

When circumstances warrant, a court may sentence a felon to probation instead of prison, but condition probation on serving time in county jail. Such a county jail sentence cannot, however, exceed one year. (Pen. Code, § 19.2.)[2] If the defendant thereafter violates probation, the court may exercise its discretion to reinstate probation conditioned on the defendant's serving

---

[2] All further undesignated section references are to the Penal Code.

additional jail time—the rub being that the time the person had already spent in custody ordinarily counts against the one-year cap on county jail time. (§ 2900.5 [prisoners entitled to credit for time spent in custody].)

Courts (and defendants) recognize the potential downside of a probationer's accruing custody credits against the one-year cap: It could force a court to remand a defendant to prison for a probation violation even if both the court and defendant preferred that the additional time be spent in county jail. To avoid such an undesired result, the seminal case of *People v. Johnson* (1978) 82 Cal.App.3d 183 [147 Cal.Rptr. 55], fashioned the remedy of permitting a probationer to waive his custody credits. (*Id.* at p. 188.)

■ A so-called *Johnson* waiver must be knowing and intelligent, meaning the probationer understands the waiver's effect on his possible eventual sentence. (*People v. Ambrose* (1992) 7 Cal.App.4th 1917, 1922–1923 [9 Cal.Rptr.2d 812]; *People v. Johnson, supra,* 82 Cal.App.3d at p. 188.) Appellant contends his waivers were invalid because he did not know they applied to his suspended four-year prison sentence. His contention is unavailing.

■ *Arnold, supra,* 33 Cal.4th 294, establishes that a trial court need not advise a defendant that a *Johnson* waiver ordinarily applies both to future confinement in county jail *and* state prison. (*Id.* at pp. 304, 309.) It further establishes that unless a defendant expressly limits his *Johnson* waiver, he waives use of his custody credits for all purposes. (*Id.* at p. 305, citing *People v. Burks* (1998) 66 Cal.App.4th 232 [77 Cal.Rptr.2d 698]; see also *id.* at p. 311 (conc. opn. of Kennard, J.).) Here, appellant did not expressly limit his waiver to county jail. Under *Arnold*, he is therefore not entitled to recapture his custody credits to reduce his time in state prison. (*Id.* at pp. 305, 307.)

Moreover, it does not matter that appellant's waivers mean he might spend more time in custody than the statutory maximum for his offense. In *People v. Johnson* (2002) 28 Cal.4th 1050 [123 Cal.Rptr.2d 700, 51 P.3d 913] (*Johnson II*), the trial court sentenced a defendant to the upper term in state prison, but suspended the sentence and put him on probation. As a condition of probation, the court required the defendant to waive the future custody credits he was likely to accrue while waiting in county jail for placement in a drug treatment center. Combined with his upper term sentence, the waiver resulted in the defendant potentially serving more time in custody for his crime than the maximum punishment established by the Legislature. Nevertheless, the Supreme Court approved such an outcome. (*Id.* at pp. 1055–1057; *Arnold, supra,* 33 Cal.4th at p. 308.)

## DISPOSITION

The court's calculation of appellant's custody credits is affirmed.

Cooper, P. J., and Boland, J., concurred.