Filed 3/27/13  P. v. Smith CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID ALLEN SMITH,<br><br>    Defendant and Appellant. | 2d Crim. No. B243068<br>(Super. Ct. No. 2009039372)<br>(Ventura County) |

David Allen Smith appeals a judgment revoking his probation and sentencing him to a two-year prison term following his earlier conviction for possession or control of child pornography.  (Pen. Code, § 311.11, subd. (a).)[1]  We conclude that the trial court's award of 365 days of presentence custody credit is proper, and affirm.

*FACTS AND PROCEDURAL HISTORY*

On November 6, 2009, the Ventura County prosecutor charged Smith with possession or control of child pornography.  (§ 311.11, subd. (a).)  On November 20, 2009, pursuant to a plea agreement, Smith waived his right to a preliminary examination and pleaded guilty to the charge.  The trial court then granted Smith five years of formal probation with terms and conditions including 365 days of confinement in county jail, not using or possessing nonprescribed marijuana, and not associating with children under the age of 18 unless in the presence of an adult approved by the probation officer.

_____

[1] All further statutory references are to the Penal Code.

The court imposed various fines and awarded Smith 72 days of presentence custody credit.

*First Probation Violation - June 2011*

On June 2, 2011, Smith's probation officer charged that Smith violated the terms and conditions of his probation by smoking marijuana. The probation officer reported that the therapist providing Smith's sex-offender treatment opined that Smith's marijuana use was "a definite risk factor" for his reoffending. The probation officer concluded that Smith presented "a tremendous threat to the community" by his continued use of marijuana and access to computers.

At the probation violation hearing, Smith was present in court and admitted the charged allegations through his attorney. As the probation officer recommended, the trial court revoked and then reinstated Smith's probation with the condition that he serve 90 days of confinement in county jail and agree to waive credits in excess of 365 days. The trial judge stated: "He needs to waive credits in excess of 365." Smith's attorney responded: "He waives credits in excess of 365 also." The trial judge also remarked: "If I see him back again, I'll send him to prison." Smith then signed and dated a minute order stating: "Defendant waives credits in excess of 365 days."

*Second Probation Violation - June 2012*

Nearly one year later, Smith's probation officer charged that Smith again violated the terms and conditions of his probation by using marijuana and associating with his former girlfriend's young children.

At the July 31, 2012, contested probation violation hearing, the trial court received testimony from Smith's probation officer and Smith's former girlfriend. The court then found Smith violated the terms of his probation. It revoked Smith's probation and sentenced him to two years in prison. The court imposed various fines and awarded Smith only 365 days of presentence custody credit based upon his waiver made at the

2011 first probation violation hearing. Smith did not object to the limited credit awarded.

Smith appeals and contends that he is entitled to an additional two days of custody credit because he did not knowingly and intelligently waive his right to *future* credit. The two days represent days served in 2009 or 2010 as a confinement condition of the original grant of probation.[2] Smith did not obtain a certificate of probable cause prior to prosecuting this appeal.

*DISCUSSION*

Smith asserts that the record of the probation violation proceedings does not reflect that his attorney or the trial court explained that he was waiving his right to all future custody credit beyond the 90 days imposed as a condition of reinstating probation at the first probation violation hearing. (*People v. Urke* (2011) 197 Cal.App.4th 766, 777 [credit waiver is knowing and intelligent where defendant understood he was relinquishing custody credit to which he was otherwise entitled].)

Section 2900.5, subdivision (a) provides: "In all felony and misdemeanor convictions, . . . when the defendant has been in custody, . . . all days of custody . . . shall be credited upon his or her term of imprisonment . . . ." Subdivision (c) states that "term of imprisonment" includes "any period of imprisonment imposed as a condition of probation."

It is well settled that a defendant may waive his entitlement to credit as a condition of probation. (*People v. Johnson* (2002) 28 Cal.4th 1050, 1052, 1054-1055 [defendant may waive entitlement to past and future days of custody credit].) Waiver of entitlement to section 2900.5 custody credit must be "knowing and intelligent." (*Id.* at p. 1055.) To determine whether a waiver is knowing and intelligent, the inquiry

---

[2] Smith calculates the two days by referring to the custody worksheet prepared by the probation officer regarding the notice of second probation violation. That worksheet states that Smith served 305 actual days plus 152 conduct days for a total of 457 days. Smith then subtracts 365 days (confinement regarding the original grant of probation) and 90 days (confinement regarding the first violation of probation), to compute the two days.

3

"'should begin and end'" with deciding whether the defendant understood he was giving up custody credit to which he was otherwise entitled.  (*People v. Jeffrey* (2004) 33 Cal.4th 312, 320.)

On an otherwise silent record, a waiver "must be presumed to be a waiver of credits for all purposes."  (*People v. Jeffrey*, *supra*, 33 Cal.4th 312, 320.)  A defendant entering a "straightforward and unconditional" waiver of custody credit "has no reason to believe that the waiver is anything other than a waiver of such credits for all purposes."  (*People v. Arnold* (2004) 33 Cal.4th 294, 309.)  The "better practice" is for the sentencing court to expressly admonish defendants waiving custody credits that such waivers will apply to any future prison term should probation be revoked and a state prison sentence imposed.  (*Ibid.*)  The sentencing court's failure to provide such an express advisement, however, does not invalidate an otherwise knowing and intelligent waiver.  (*Ibid.*)

Smith did not raise any objection to the limited credit awarded at the second probation violation hearing held in 2012.  He has therefore forfeited his objection to the validity of the waiver.  (*People v. Torres* (1997) 52 Cal.App.4th 771, 782 [when probationer does not object to credit waiver condition at time of sentencing, "the matter may not properly even be raised for the first time on appeal"].)  Forfeiture aside, however, we decide from the totality of the circumstances that Smith's waiver was knowing and intelligent.

Smith was represented by counsel at the probation violation hearing.  He admitted the probation violation through counsel and personally signed the minute order stating that he was waiving credits in excess of 365 days.  In exchange, Smith avoided a state prison sentence.  (*People v. Arnold*, *supra*, 33 Cal.4th 294, 308 [defendant who received benefit of waiver bargain not permitted to revoke that consideration].)  In our de novo review, we determine that Smith's waiver of credit was knowing and intelligent.  (*People v. Panizzon* (1996) 13 Cal.4th 68, 80 [standard of review].)

*People v. Urke*, *supra*, 197 Cal.App.4th 766, is factually different. There, defense counsel stated that he did not explain the credit waiver to defendant. The trial court also misstated the meaning of the waiver, informing defendant that he would receive credit for the waived custody days if he were sentenced to state prison. (*Id.* at p. 778.) Neither circumstance occurred here.

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:


YEGAN, J.


PERREN, J.

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____


Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Lawrence M. Daniels, Supervising Deputy Attorney General, Rene Judkiewicz, Deputy Attorney General, for Plaintiff and Respondent.