Filed 7/18/16  P. v. Hense CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C081260 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F4836) |
| v. | |
| MARK ANTHONY HENSE, | |
| Defendant and Appellant. | |

In September 2012, defendant Mark Anthony Hense pleaded no contest to evading a peace officer (Veh. Code, § 2800.2) and driving under the influence (Veh. Code, § 23152, subd. (a)).  He also admitted the allegations that he had served two prior prison terms.  (Pen. Code, § 667.5, subd. (b).)[1]  The trial court sentenced defendant to an aggregate term of five years eight months (five years in this case, plus eight months in Shasta County case No. 12F1206), but suspended execution of the sentence and placed

---

[1] Undesignated statutory references are to the Penal Code.

1

him on five years of formal probation. In August 2013, the trial court revoked and reinstated defendant's probation with the condition that he complete the Jericho Project, a residential drug treatment program. In December 2015, following a probation violation, defendant's probation was revoked and he was sentenced to five years in prison.

On appeal, defendant contends, and the People concede, the trial court erred in refusing to award him custody credits for the time he spent in the Jericho Project. We agree and shall award defendant an additional 366 days of custody credits. As modified, the judgment is affirmed.

## I. DISCUSSION

Citing section 2900.5, defendant contends that he is entitled to custody credits for the time he spent in the Jericho Project. That section provides, in pertinent part: "In all felony and misdemeanor convictions, . . . when the defendant has been in custody, including . . . any time spent in a . . . rehabilitation facility . . . or similar residential institution, all days of custody of the defendant . . . shall be credited upon his . . . term of imprisonment." (§ 2900.5, subd. (a); see *People v. Jeffrey* (2004) 33 Cal.4th 312, 318 [the provisions of section 2900.5—entitling a defendant to credits against a term of imprisonment for days spent in custody before sentencing as well as those served after sentencing as a condition of probation—apply to custodial time in a residential treatment facility].) "A sentence that fails to award legally mandated custody credit is unauthorized." (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647.)

"A *Johnson*[2] waiver is a waiver of a statutory right to credit for time served against a subsequent county jail or state prison sentence pursuant to section 2900.5." (*People v. Arnold* (2004) 33 Cal.4th 294, 307, fn. added.) A *Johnson* waiver not only applies to presentence jail time custody credits but also to future custody credits to be

---

[2] *People v. Johnson* (1978) 82 Cal.App.3d 183 (*Johnson*).

earned in a residential treatment facility.  (*Jeffrey, supra,* 33 Cal.4th at p. 318.)  " 'As with the waiver of any significant right by a criminal defendant, a defendant's waiver of entitlement to section 2900.5 custody credits must, of course, be knowing and intelligent.' [Citation.]  The gravaman of whether such a waiver is knowing and intelligent is whether the defendant understood he was relinquishing or giving up custody credits to which he was otherwise entitled under section 2900.5." (*Arnold, supra,* at p. 308.)  While a trial court should expressly advise a defendant that he is giving up his entitlement to custody credits, the failure to do so will not invalidate a *Johnson* waiver where "the defendant is otherwise found to have knowingly and intelligently relinquished his or her right to custody credits under section 2900.5." (*Id.* at p. 309.)  However, "[t]he better practice is for sentencing courts to expressly admonish defendants who waive custody credits . . . [citation] that such waivers will apply to any future prison term should probation ultimately be revoked and a state prison sentence imposed.  [Citations.]" (*Ibid.*)

Following his admission to violating the conditions of his probation in December 2015, the trial court sentenced defendant to five years in prison and awarded him presentence custody credits for 319 days of actual custody, plus 318 days of conduct credits.  The trial court, however, denied defendant's request to award him custody credits for the time he spent in the Jericho Project—from August 16, 2013, to August 16, 2014.[3]  After defense counsel pointed out that defendant was ordered to complete the Jericho Project as a condition of his probation by a visiting judge and there was no waiver of custody credits at that time, the trial court stated that it was "not normal" for a

---

[3]  When defendant was placed on probation in November 2012, he was ordered to complete the Teen Challenge Program, a residential drug treatment program.  It is undisputed that defendant waived custody credits for the time spent in that program. Consistent with the waiver, the trial court did not award defendant any custody credits for that time period.

3

defendant in Shasta County to get custody credits while participating in a residential treatment program.  The court then provided the following explanation:  "I'm going to simply find that based on my knowledge, the way these things typically go, that if a defendant chooses to say remain on probation and go to a program, even though it may not be articulated in each occasion, that the intention of the judge is—and this would be something that has been constant in this community for a long, long time, the intention would be that the defendant is—the judge is doing the defendant a service in allowing for that treatment, and as a result he is waiving credits.  [¶]  He doesn't get credit, I should say, for any time in any kind of program.  So if this is some issue, you will have to take it up on appeal."

We conclude the trial court erred in failing to award defendant custody credits for the time he spent in the Jericho Project.  The record does not disclose a knowing and intelligent waiver of defendant's right to custody credits under section 2900.5.  At the probation revocation hearing, the trial court advised defendant that he would be reinstated on probation with the condition he complete the Jericho Project.  The court explained that he would remain in custody until someone from the program picked him up, and that he would go to state prison if he failed to complete the program.  The court did not inform defendant that he was relinquishing his right to custody credits for the time spent in the program.  Nor does the record otherwise reflect that defendant knowingly and intelligently relinquished his right to custody credits under section 2900.5 for that period of time.  Accordingly, defendant is entitled to an additional 366 days of custody credits.  (See *People v. Urke* (2011) 197 Cal.App.4th 766, 778 [defendant entitled to custody credits where trial court failed to advise him he was relinquishing right to custody credits].)

4

## II.  DISPOSITION

Defendant is awarded 366 additional days of presentence custody credits. (§ 2900.5.)  The trial court is directed to prepare an amended abstract of judgment showing the award of custody credits and to forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

DUARTE, Acting P. J.

/S/

_____

HOCH, J.