Filed 6/29/21  P. v. Jacobs CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>STEFFON ALII JACOBS,<br><br>        Defendant and Appellant. | C091515<br><br>(Super. Ct. No. 19FE013372) |

Defendant Steffon Alii Jacobs was granted probation with the possibility of flash incarceration of up to 10 days in county jail should he violate the terms of probation. Defendant contends the trial court erred in imposing flash incarceration over his objection and without obtaining a valid waiver.  We agree.

1

BACKGROUND

The substantive facts underlying the convictions are not relevant to the issue raised on appeal and are therefore not recounted here. Defendant was convicted of burglary (Pen. Code, § 459)[1] and receiving stolen property (§ 496, subd. (a)). The probation report stated defendant was eligible for probation and analyzed numerous factors concerning whether probation was appropriate. The probation report recommended flash incarceration of up to 10 days in the county jail if defendant violated the terms of his probation.

During sentencing, defendant's counsel stated: "He's not going to agree to the flash incarceration at this time. He'll make the decision if anything happens in the future." The trial court responded: "Well, isn't that a condition of probation that he has to agree to? I mean, he doesn't -- I mean, as I understand it, these are the terms and conditions of probation. He can say, no, I disagree and then I can just sentence him to straight jail time with no probation. So I'm not sure he gets to pick and choose which probation conditions he agrees to." Defendant's counsel responded, "He'll agree to it, then." The trial court sentenced defendant to probation, and as part of the terms of his probation, defendant is subject to flash incarceration.

DISCUSSION

On appeal, defendant argues the trial court erred when it required defendant to accept flash incarceration without a valid waiver. The People agree.

Section 1203.35, subdivision (a)(1) provides that if a defendant is granted probation, "the county probation department is authorized to use flash incarceration for any violation of the conditions of probation or mandatory supervision if, at the time of granting probation or ordering mandatory supervision, the court obtains from the

---

[1] Undesignated section references are to the Penal Code.

2

defendant a waiver to a court hearing prior to the imposition of a period of flash incarceration. Probation shall not be denied for refusal to sign the waiver."

"As the United States Supreme Court has observed, ' "[t]he most basic rights of criminal defendants are . . . subject to waiver." ' [Citation.]" (*People v. Johnson* (2002) 28 Cal.4th 1050, 1055.) As with any waiver of a significant right, a waiver must be knowing, intelligent, and voluntary. (*People v. Vargas* (1993) 13 Cal.App.4th 1653, 1659.) We review probation conditions for abuse of discretion. (*People v. Appleton* (2016) 245 Cal.App.4th 717, 723; *People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.) However, " '[t]he voluntariness of a waiver is a question of law which we review de novo.' [Citation.]" (*People v. Cisneros-Ramirez* (2018) 29 Cal.App.5th 393, 400.)

We find the requirement that defendant agree unqualifiedly to flash incarceration as a condition of probation was contrary to the statute authorizing flash incarceration. The plain language of section 1203.35, subdivision (a)(1) provides that "[p]robation *shall not be denied* for refusal to sign the waiver." (Italics added.) Here, the trial court informed defendant that if he did not agree to flash incarceration, "then I can just sentence him to straight jail time with no probation" and that defendant did not get to "pick and choose which probation conditions he agrees to." Faced with a denial of probation should he refuse to give up his right to a hearing before incarceration, we conclude that defendant's subsequent hearing waiver was not voluntary. Further, the trial court's comments indicated that it would deny probation should defendant refuse to agree to the waiver, in direct contravention of section 1203.35, subdivision (a)(1).

3

## DISPOSITION

The trial court is directed to strike the flash incarceration provision from defendant's probation conditions.  The judgment and sentence are otherwise affirmed.

                                               _____KRAUSE_____ , J.

We concur:

_____MURRAY_____ , Acting P. J.

_____RENNER_____ , J.

4