Filed 10/10/23  P. v. Simmons CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C096866 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF20-00156) |
| v. | |
| ALLEN CHARLES SIMMONS, | |
| Defendant and Appellant. | |

In March 2020, defendant pleaded no contest to felony vandalism.  (Pen. Code, § 594.)[1]  Defendant was released on his own recognizance to participate in drug court and residential drug treatment, with the understanding that, if he successfully completed drug court, his plea would be withdrawn and the case dismissed.

---

[1]    Undesignated statutory references are to the Penal Code.

1

Defendant started the drug treatment program on March 3, 2020, but then self-discharged on March 11, 2020, and also failed to report to probation, as required. Defendant did not appear before the court again until July 2022. He admitted to violating his supervised release.

In August 2022, the trial court sentenced defendant to 16 months in county jail. The court also imposed and stayed various fines and fees, and awarded 185 days of custody credit (93 days actual and 92 days conduct).

On appeal, defendant argues he is entitled to eight days of additional credit for the actual time he spent in a residential drug treatment facility between the dates of March 3, 2020, through March 11, 2020.[2] The People concede the issue. We agree and will modify the judgment.

## DISCUSSION

A defendant committed to county jail is generally entitled to credit for all days spent in custody prior to sentencing, including days spent in jail or in a residential drug treatment program as a condition of supervised release. (§ 2900.5; *People v. Jeffrey* (2004) 33 Cal.4th 312, 318.)

Here, defendant was entitled to credit for the eight days he spent in residential drug treatment as a condition of his release on his own recognizance. The appropriate remedy is to modify the judgment. (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647 ["[a] sentence that fails to award legally mandated custody credit is unauthorized and may be corrected whenever discovered"].)

---

[2] Although defense counsel requested the trial court correct defendant's custody credits in January 2023 pursuant to *People v. Fares* (1993) 16 Cal.App.4th 954, the trial court declined to do so in June 2023. Under the circumstances, we will consider the matter on appeal. (§ 1237.1.) Defendant also acknowledges he is entitled to only eight days of additional conduct credits–not nine days–because he has already received credit for the first day, March 3, 2020.

2

## DISPOSITION

The judgment is modified to reflect 193 days of custody credit, including 101 days of actual and 92 days of conduct credit.  As modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment in accordance with this opinion and to forward a certified copy to the appropriate authorities.

/s/                              ,
WISEMAN, J.*

We concur:

/s/                          ,
DUARTE, Acting P. J.

/s/                          ,
RENNER, J.

---

*     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.