[No. H029019. Sixth Dist. Dec. 18, 2006.]

THE PEOPLE, Plaintiff and Appellant, v.
ANTHONY CHAVEZ GARCIA, Defendant and Respondent.

COUNSEL

Bill Lockyer, Attorney General, Robert R. Anderson and Mary Jo Graves, Chief Assistant Attorneys General, Gerald A. Engler, Assistant Attorney General, Eric D. Share and Amy Haddix, Deputy Attorneys General, for Plaintiff and Appellant.

Arthur Lang Wong, under appointment by the Court of Appeal, for Defendant and Respondent.

---

OPINION

**RUSHING, P. J.**—The Attorney General appeals the superior court's order vacating defendant and respondent Anthony Chavez Garcia's requirement to register as a sex offender pursuant to Penal Code section 290.[1] We reverse.

### STATEMENT OF THE CASE

Garcia was charged by criminal complaint with first degree burglary (§ 459—count 1); three counts of felony stalking (§ 646.9, subd. (a)—counts 2, 3 & 4); nine counts of misdemeanor disorderly conduct/peeping (§ 647, subd. (i)—counts 5–13); and one count of misdemeanor trespassing (§ 602.5, subd. (b)—count 14). Garcia pleaded guilty to first degree burglary and four counts of disorderly conduct, in exchange for dismissal of the remaining charges. Pursuant to a plea agreement, the trial court sentenced Garcia to six years in state prison, suspended execution of sentence, and placed Garcia on five years of probation. Garcia was also ordered to register as a sex offender pursuant to section 290.

In November 2003, the probation department filed a motion to revoke Garcia's probation. Garcia admitted the violation, and the court ordered probation reinstated under the same terms and conditions.

In April 2005, the probation department again filed a motion to revoke probation. Following a hearing, the superior court revoked Garcia's probation and remanded him to state prison on the original sentence for six years. On

---

[1] All further statutory references are to the Penal Code.

Garcia's motion, the court struck the previous order that Garcia register as a sex offender under section 290. The Attorney General appeals this order.

Discussion

The Attorney General asserts the trial court's reduction of Garcia's sentence and removal of the registration requirement were unauthorized and illegal.

■ Under the statutory scheme of section 290, the imposition of a registration requirement as part of a defendant's sentence can be mandatory or discretionary depending on the crime committed. In the present case, first degree burglary is not a specified offense that requires registration under section 290. However, the court may impose a registration requirement in its discretion if it finds the underlying offense was committed "as a result of sexual compulsion or for purposes of sexual gratification." If the court does impose the requirement, it must state "the reasons for its findings and the reasons for requiring registration." (§ 290, subd. (a)(2)(E).)

Here, the trial court initially imposed sentence on Garcia, including the requirement that he register as a sex offender pursuant to section 290. The court also placed Garcia on probation, and suspended execution of his sentence. Once sentence has been imposed by the court, as it was in this case, it cannot later be changed.

■ Our Supreme Court in *People v. Howard* (1997) 16 Cal.4th 1081 [68 Cal.Rptr.2d 870, 946 P.2d 828], held that in the probation revocation context where the court initially imposed sentence but suspended its execution, the trial court may not modify or reduce the sentence previously imposed. Specifically, the *Howard* court stated: "[I]f the court has actually imposed sentence, and the defendant has begun a probation term representing acceptance of that sentence, then the court has no authority, on revoking probation, to impose a lesser sentence at the precommitment stage." (*Id.* at p. 1095.)

■ In addition to the fact that the court was without authority to change a sentence already imposed, the general rule is that one superior court judge may not overrule another. "If the rule were otherwise, it would be only a matter of days until we would have a rule of man rather than a rule of law. To affirm the action taken in this case would lead directly to forum shopping,

since if one judge should deny relief, defendants would try another and another judge until finally they found one who would grant what they were seeking. Such a procedure would instantly breed lack of confidence in the integrity of the courts." (*People v. Superior Court (Scofield)* (1967) 249 Cal.App.2d 727, 734 [57 Cal.Rptr. 818] [first judge's ruling upholding search warrant was binding on second judge; order granting § 995 motion reversed].)

■ Here, by vacating the original order requiring Garcia to register as a sex offender because the first judge failed to state reasons for the order, the second judge "no matter how well inten[tioned], even if correct as a matter of law" was acting without authority as a "one-judge appellate court." (*In re Alberto* (2002) 102 Cal.App.4th 421, 427 [125 Cal.Rptr.2d 526].) This was clearly improper.

*Restitution Fine and Parole Revocation Restitution Fine*

Defendant asserts in his reply and the Attorney General concedes that the trial court erred in imposing a $1,000 restitution fine pursuant to section 1202.4, and a $1,000 parole revocation restitution fine pursuant to section 1202.45, following revocation of defendant's probation.

A restitution fine imposed at the time of conviction and granting of probation remains the same despite a future revocation of probation. Therefore, when probation is revoked, the trial court has no authority to impose a second restitution fine in a greater amount than the original fine. (*People v. Chambers* (1998) 65 Cal.App.4th 819, 821–823 [76 Cal.Rptr.2d 732].) Because the original restitution fine imposed in this case was $200, the subsequently imposed $1,000 must be reduced accordingly.

### DISPOSITION

The judgment is reversed and the matter is remanded with instructions to the trial court to reinstate the original sentencing order requiring defendant to register as a sex offender pursuant to section 290.

The trial court is also ordered to strike the $1,000 restitution fine imposed pursuant to section 1202.4, and reinstate the original restitution fine of $200 imposed at defendant's sentencing in 2002. In addition, the trial court is ordered to strike the $1,000 parole revocation restitution fine imposed under section 1202.45, and impose a parole revocation restitution fine of $200.

Premo, J., and Elia, J., concurred.

A petition for a rehearing was denied January 16, 2007, and the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied May 9, 2007, S150498.