Filed 11/15/13  P. v. Jones CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057705 |
| v. | (Super.Ct.No. RIF120780) |
| AIESHA LATRICE JONES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  Affirmed as modified.

Patrick Morgan Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Aiesha Latrice Jones pleaded guilty to receiving stolen property (Pen. Code, § 496, subd. (a)), and was placed on three years' probation.  The

1

court also imposed a restitution fine of $200 and a probation revocation restitution fine, the latter of which was stayed unless probation was revoked. (Pen. Code, §§ 1202.4, subd. (b), 1202.44.)

Some 20 months later, in April 2010, probation was ordered revoked and a bench warrant issued. Shortly thereafter, a misdemeanor complaint was filed against appellant alleging a violation of Vehicle Code sections 23152, subdivision (a), and 23222, subdivision (b), as well as another resulting violation of probation. When appellant was eventually brought before the court in December 2012, she admitted an "obey all laws" violation and the trial court imposed a felony sentence of two years.[1] At this time the court also informed appellant that "[y]ou have to pay [a] $240 restitution fine."[2]

## DISCUSSION

Although they do not disagree, the parties discuss the issue as one in which the trial court erroneously purported either to impose a *second* restitution fine under Penal Code section 1202.4, subdivision (b), or to *alter* the amount of the fine already imposed. Although the minute order refers to Penal Code section 1202.4, subdivision (b) (the basic restitution fine statute), we think it more probable that the trial court's order was more probably intended to refer to the probation violation fine under Penal Code section

---

[1] Pursuant to the Criminal Justice Realignment Act of 2011 (Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, § 1; Pen. Code, § 1170, subd. (h)), appellant was ordered to serve her sentence in the county jail.

[2] These proceedings were somewhat confusing because at the same time appellant pleaded guilty to the DUI charge and also to a separately charged infraction of driving with a suspended license (Veh. Code, § 14601.1). Assorted fines and penalties were imposed as to these charges.

1202.44, which had been previously stayed pending appellant's successful completion of probation. As she did *not* successfully complete probation, it was that fine which became newly relevant and payable.[3]

However, it makes no difference to the analysis. The People concede that the fine was originally specified at $200 and agree that it could not be increased. (See *People v. Garcia* (2006) 147 Cal.App.4th 913, 917.) We too agree.

### DISPOSITION

The judgment is modified to reflect a fine (or fines) of $200, and as so modified, is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.

KING
J.

---

[3] Penal Code section 1202.44 specifies that the amount to be imposed as a probation revocation fine shall be the same as that which the court elects to impose as a basic restitution fine under section 1202.4, subdivision (b). In 2011—after the original plea—the minimum amount was raised from $200 to $240. The error that appellant raises here could have been avoided, and these proceedings made unnecessary, if any of three parties (the prosecutor, the defense attorney, or the court) had been alert at the time of sentencing.