Filed 11/15/13  P. v. Heisser CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057532 |
| v. | (Super.Ct.No. SWF029850) |
| DERRICK ASHLEY HEISSER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed as modified.

David K. Rankin, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Kathryn

Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

# FACTUAL AND PROCEDURAL HISTORY

Defendant and appellant Derrick Ashley Heisser was convicted of burglary (count 1—Pen. Code, § 459;[1] super. court case No. RIF145932) and was found in violation of his probation (super. court case No. SWF029850). On May 25, 2010, the court granted defendant 60 months of probation, ordered a restitution fine of $200, and a probation revocation fine of $200, which it stayed.

On June 18, 2012, the People charged defendant with felony possession of a firearm by a prohibited individual (count 1—§ 25850, subd. (c)), possession of a firearm by one addicted to a narcotic (count 2—§ 29800, subd. (a)(1)), and possession of ammunition by a prohibited person (count 3—§ 30305, subd. (a).[2] The People additionally charged defendant with a violation of probation.

On August 30, 2012, defendant pled guilty to count 1 and admitted a violation of his probation. The court revoked defendant's probation and sentenced him to serve 16 months in state prison. As to defendant's conviction in the substantive count in case No. RIF1203073, the court imposed a restitution fine of $240 and a parole revocation fine of $240.[3]

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] By order dated October 3, 2013, we took judicial notice of the minute orders dated August 30, 2012, and September 14, 2012, in case No. RIF1203073, the superior court case for defendant's new substantive charges.

[3] Defendant has not appealed his conviction or sentencing in case No. RIF1203073.

As to the probation revocation case, the court noted it was "Imposing all of the fees previously imposed[.]" The minute order for the order revoking defendant's probation reflects imposition of a restitution fine of $240 and a parole revocation fine of $240.

## DISCUSSION

Defendant contends the court was limited to imposing restitution and revocation fines of $200, as previously imposed. Defendant maintains the fines must be reduced from $240 to $200. The People acknowledge the minute order and abstract of judgment in case No. SWF029850 for the probation revocation improperly reflects imposition of $240 restitution and revocation fines and must be corrected to reflect the $200 amount the court previously imposed. However, the People maintain imposition of the $240 fines in case No. RIF1203073 was proper. We agree with the People.

The trial court must impose the probation revocation fine at the same time and in the same amount as the restitution fine. (§ 1202.44; *People v. Guiffre* (2008) 167 Cal.App.4th 430, 434.) The court is without authority to increase the amount of the fines at a time when probation is later revoked. (*People v. Chambers* (1985) 65 Cal.App.4th 819, 823; *People v. Downey* (2000) 82 Cal.App.4th 899, 921; *People v. Garcia* (2006) 147 Cal.App.4th 913, 917; *People v. Cropsey* (2010) 184 Cal.App.4th 961, 966.) "When an abstract of judgment does not reflect the actual sentence imposed in the trial judge's verbal pronouncement, this court has the inherent power to correct such clerical error on appeal, whether on our own motion or upon application of the parties. [Citation.]"

3

(*People v. Jones* (2012) 54 Cal.4th 1, 89; *People v. Myles* (2012) 53 Cal.4th 1181, 1222, fn. 14.)

"In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (§ 1202.4, subd. (b).) "If the person is convicted of a felony, the fine shall not be less than two hundred forty dollars ($240) starting on January 1, 2012 . . . ." (§ 1202.4, subd. (b)(1).) "In every case where a person is convicted of a crime and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4." (§ 1202.45, subd. (a).)

Here, the court did not impose restitution or revocation fines of $240 when it revoked defendant's probation in case No. SWF029850. Rather, the court imposed "all of the fees previously imposed[.]" In other words, the court only imposed the $200 restitution and revocation fines it had imposed in that case on May 25, 2010. Thus, the minute order dated September 14, 2012, and abstract of judgment in case No. SWF029850, improperly reflect an amount of $240 for each for the respective fines. Therefore, we shall order the superior court to modify the minute order and abstract of judgment. On the other hand, because the $240 fines imposed in case No. RIF1203073 were imposed in another case in which defendant was convicted of a felony, imposition of the fines in the amount of $240 was proper.

# DISPOSITION

The superior court is directed to modify the defendant's sentencing minute order dated September 14, 2012, and the abstract of judgment to reflect imposition of $200, instead of $240, fines for restitution and revocation. The modified and corrected abstract of judgment and minute order shall be forwarded to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

HOLLENHORST
Acting P. J.

KING
J.