Filed 4/13/15  P. v. Wiese CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.
of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>RONALD L. WIESE,<br><br>　　　Defendant and Appellant. | D065614<br><br><br>(Super. Ct. Nos. SCD243786,<br>SCD245844, SCD251085) |

APPEAL from a judgment of the Superior Court of San Diego County, Judge Desiree Bruce-Lyle.  Affirmed as modified.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood, Meagan Beale and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

1

In this appeal we are called upon to determine whether the trial court erred in imposing increased restitution fines (Pen. Code, § 1202.4, subds. (b), (m))[1] and a drug program fee (Health & Saf. Code, § 11372.7) in sentencing the defendant after revocation of his probation, where a contrary sentence previously imposed was *executed* but suspended and stayed during the defendant's probationary period. We answer that inquiry in the affirmative, strike the increased restitution fines and the drug program fee, and order that the abstract of judgment be corrected. In all other respects we affirm the judgment.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant Ronald Wiese has a lengthy criminal history resulting from a three-decade-long addiction to controlled substances. In each of the three cases on appeal, Wiese entered a guilty plea and was convicted of procuring or possessing drugs, and a sentence was imposed and its execution was suspended pending Wiese's successful completion of probation, which included drug treatment. When Wiese failed, his probation was revoked and he was sentenced to the executed six-year prison term but, as relevant here, the court increased the amount of restitution fines previously imposed and imposed a mandatory drug program fee (in case No. SCD245844), which the court had declined to impose when sentence was pronounced.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

2

Wiese argues the court erred when it imposed the executed sentence but increased the restitution fines and imposed the drug program fee. We agree for the reasons we will discuss; however we first set forth the relevant facts[2] and procedural history of each case appealed for context.

A.    *Case No. SCD243786*

On October 22, 2012, Wiese pled guilty to unlawfully obtaining by subterfuge a prescription for Percocet, a controlled substance (Health & Saf. Code, § 11173, subd. (a)).

On November 20, 2012, imposition of sentence was suspended and the trial court placed Wiese on felony probation for three years on the condition that he serve 85 days in custody and pay a $240 restitution fine (§ 1202.4, subd. (b)) and a probation revocation restitution fine (§ 1202.44) of $240, which was stayed.

On March 26, 2013, the trial court revoked Wiese's probation due to his new conviction in case No. SCD245844. The court imposed and *executed* a stipulated two-year prison term to run concurrently with that which was imposed on the principal term selected in case No. SCD245844, but stayed execution of that sentence, and reinstated and extended Weise's probation until the year 2016 on the previous terms and conditions.

On January 31, 2014, the trial court formally revoked probation, lifted the stay of execution, and ordered the two-year executed sentence to be served concurrently with the

---

2    In discussing the individual cases, we note only the relevant sentencing date, plea terms and sentence imposed.

sentences in cases Nos. SCD251085 and SCD245844.  The court also imposed a restitution fine of $480.

B.    *Case No. SCD245844*

On February 26, 2013, Wiese pled guilty to two counts of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), as on two occasions he knowingly possessed a usable amount of methamphetamine.  He admitted nine prison priors (§§ 667.5, subd. (b), 668).

On March 26, 2013, the court sentenced Wiese to a six-year prison term, suspended *execution* of sentence and granted probation on the condition that Wiese immediately serve 365 days in custody, a portion of which could be served in a residential drug treatment program.  It ordered, but stayed unless probation was revoked, a $2,000 probation revocation restitution fine (§ 1202.44) and an additional restitution fine of $2,000 pursuant to section 1202.4, subdivision (b).  Although the court made no express finding as to Wiese's inability to pay the drug program fee (Health & Saf. Code, § 11372.7) or the lab analysis fee, it specifically ordered that neither fee was imposed.

On October 3, 2013, Wiese admitted to being in violation of his probation and was referred to the Parole Re-entry Court program.  On November 8, Wiese's probation was revoked and reinstated, he was accepted in the Parole Re-entry Court program, and he was ordered to participate in that program as a condition of probation.  Ultimately, he was terminated from the program and his probation was revoked.

On January 31, 2014, after terminating Wiese from the court drug program, the court lifted the stay of execution and ordered that Wiese serve the previously imposed

4

six-year prison term to be served concurrently with the sentences executed in cases Nos. SCD251085 and SCD243786. The court also imposed a restitution fine of $3,360 (§ 1202.4, subd. (b)), a drug program fee of $570 (Health & Saf. Code, § 11372.7) and a lab analysis fee of $190 (*id*., § 11372.5).

C.      *Case No. SCD251085*

On October 3, 2013, in exchange for a three-year stipulated prison sentence that was to run concurrently with the sentence imposed in case No. SCD245844, Wiese pled guilty to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), as he knowingly possessed a usable amount of methamphetamine on September 25, 2013.

On November 8, 2013, Wiese was sentenced to the previously stipulated three-year prison term, which was *executed* but suspended and stayed for three years pending successful completion of probation. Wiese was ordered to immediately serve 365 days in custody, which could be completed in the Parole Re-entry Court program. The trial court imposed a restitution fine of $280 (§ 1202.4, subd. (b)).

On January 10, 2014, Wiese's probation was revoked. A review and sentencing hearing was held January 31, at which time the trial court lifted the stay of execution of judgment and imposed the stipulated three-year sentence to be served concurrently with the six-year term in case No. SCD245844.[3] The court also imposed a restitution fine of $840 (§ 1202.4, subd. (b)).

---

3      The parties agree that the abstract of judgment mistakenly lists the time imposed for this case as 93 years. We will order the abstract of judgment corrected.

II.

DISCUSSION

This case involves the issue of whether a trial court may modify the terms of an executed sentence after a defendant's probation is revoked and sentence is executed. The disposition of the case rests upon the important distinction, in probation cases, between orders suspending imposition of sentence and orders suspending execution of previously imposed sentences. The basic distinction is set forth in the Penal Code (§ 1203.2, subds. (a) & (c)), is implemented by California Rules of Court, rule 4.435 and is explained in the seminal California Supreme Court case of *People v. Howard* (1997) 16 Cal.4th 1081 (*Howard*).

"When the trial court suspends imposition of sentence, no judgment is then pending against the probationer, who is subject only to the terms and conditions of probation." "On the defendant's rearrest and revocation of probation, '. . . the court may, if the sentence has been suspended, pronounce judgment for any time within the longest period for which the person might have been sentenced.' (§ 1203.2, subd. (c); see Cal. Rules of Court, rule 435(b)(1)[4] . . . .)" (*Howard*, *supra*, 16 Cal.4th at p. 1087.)

Significantly, however, " 'if the judgment has been pronounced and the execution thereof has been suspended, the court may revoke the suspension and order that *the judgment shall be in full force and effect*.' " "On revocation of probation, if the court previously had imposed sentence the sentencing judge must order that *exact* sentence into

4      Effective January 1, 2001, rule 435 was renumbered as rule 4.435.

6

effect." (*Howard*, *supra*, 16 Cal.4th at p. 1088, italics added; see *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1423-1425.)

With these basic rules in mind, we now turn to Wiese's two appellate claims.

A.      *Increased Restitution Fines*

Wiese initially argues the trial court erred by imposing an increased restitution fine under section 1202.4, subdivision (b) in each of his three cases when his probation was revoked, suspension and stay of his *executed* sentence was lifted and execution of the sentence was ordered.  Specifically, he asserts that in case No. SCD243786 the restitution fine imposed at sentencing was $240, and the trial court improperly increased the fine to $480 when the sentence was executed; in case No. SCD245844 the restitution fine imposed at sentencing was $2,000, and the trial court improperly increased the fine to $3,360 when the sentence was executed; and, finally, in case No. SCD251085 the restitution fine imposed at sentencing was $280, and the trial court improperly increased the fine to $840 when the sentence was executed.  The People concede this was error, and we agree.

A restitution fine imposed at the time of conviction and granting of probation remains the same despite a future revocation of probation.  Therefore, when probation is revoked, the trial court has no authority to impose a second restitution fine in a greater amount than the original fine.  (*People v. Chambers* (1998) 65 Cal.App.4th 819, 821-823.)  Accordingly, we will order that the increased restitution fines in each of defendant's cases imposed at the time sentence was executed be stricken and the abstract

of judgment be corrected to reflect the amount of the restitution fines imposed at sentencing.

B.     *Drug Program Fee*

Citing *Howard*, Wiese next argues the trial court erred by imposing a drug program fee under Health and Safety Code section 11372.7[5] when ordering his sentence to be executed in case No. SCD245844, because when he was sentenced and judgment was rendered, the court specifically choose *not* to impose the drug program fee or a lab analysis fee.[6]  Wiese is correct.

Section 1203.2, subdivision (c) provides in relevant part:

"[I]f the judgment has been pronounced and the execution thereof has been suspended, the court may revoke the suspension and order that the judgment shall be in full force and effect."

---

[5]     Health and Safety Code section 11372.7 provides in relevant part:
"(a)     Except as otherwise provided in subdivision (b) or (e), each person who is convicted of a violation of this chapter shall pay a drug program fee in an amount not to exceed one hundred fifty dollars ($150) for each separate offense.  The court shall increase the total fine, if necessary, to include this increment, which shall be in addition to any other penalty prescribed by law.
"(b)     The court shall determine whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee.  If the court determines that the person has the ability to pay, the court may set the amount to be paid and order the person to pay that sum to the county in a manner that the court believes is reasonable and compatible with the person's financial ability.  In its determination of whether a person has the ability to pay, the court shall take into account the amount of any fine imposed upon that person and any amount that person has been ordered to pay in restitution.  If the court determines that the person does not have the ability to pay a drug program fee, the person shall not be required to pay a drug program fee."

[6]     While pronouncing sentence the trial court stated, "I will not order the drug program fee nor the lab analysis fee."

8

California Rule of Court, rule 4.435, subdivision (b)(2), implementing this part of section 1203.2 subdivision (c), states:

> "If the execution of sentence was previously suspended, the judge must order that the judgment previously pronounced be in full force and effect and that the defendant be committed to the custody of the Secretary of the Department of Corrections and Rehabilitation for the term prescribed in that judgment."

These provisions, "by their terms, limit the court's power in situations in which the court [chooses] to impose sentence but suspend[s] . . . execution pending a term of probation." (*Howard*, *supra*, 16 Cal.4th at p. 1088 [discussing § 1203.2, subd. (c) and Cal. Rules of Court, former rule 435, now rule 4.435]; see generally *People v. Bolian* (2014) 231 Cal.App.4th 1415, 1420.)[7] Our Supreme Court, in explaining its *Howard* decision, which discussed the implications of an executed sentence under section 1203.2, subdivision (c) and rule 4.435, subdivision (b)(2), stated:

> "We explained that '[w]hen the trial court suspends imposition of sentence, no judgment is then pending against the probationer, who is subject only to the terms and conditions of the probation. [Citations.] The probation order is considered to be a final judgment only for the "limited purpose of taking an appeal therefrom." [Citation.] On the defendant's rearrest and revocation of her probation, ". . . the court may, if the sentence has been suspended, pronounce judgment for any time within the longest period for which the person might have been sentenced." ' [Citation.] However, '[u]nlike the situation in which sentencing itself has been deferred, where a sentence has actually been imposed but its execution suspended, "The revocation of the suspension of execution of the judgment brings the former judgment into full force and effect. . . ." [Citations.]' [Citation.]

---

7    An exception to the rule exists when an executed sentence is unauthorized. In that circumstance, the trial court can order execution of the correct sentence whether it is more or less than the sentence previously imposed. (*In re Renfrow* (2008) 164 Cal.App.4th 1251, 1253.) In this case, there is no contention the executed sentence, including the restitution fines and the drug program fee, was unauthorized.

". . . '[O]n revocation of probation, if the court previously had imposed sentence, the sentencing judge must order *that exact sentence* into effect . . . .' " (*People v. Scott* (2014) 58 Cal.4th 1415, 1423-1424 (*Scott*).)

Here, the court imposed sentence on Wiese, including a term that he not pay the drug program fee, and executed but stayed the sentence during Wiese's probationary period. The *exact* sentence, including the drug program fee term, became the judgment rendered against Wiese and court was without the authority to modify *that* judgment when Weise's probation was revoked, and the sentence was executed.

The People, citing *People v. Vega* (2005) 130 Cal.App.4th 183 (*Vega*), argue[8] that the court had the authority to impose the drug program fee because, as a fee not a fine, it was not part of the *punishment* imposed on Wiese at the time of sentencing. In essence, the People argue that the court's order regarding nonpayment of the drug program fee was not a term of the executed sentence and did not become a part of the judgment. We are not persuaded.

"*Howard* establishes that when a court elects to impose a sentence, a judgment has been entered *and the terms of the sentence have been set* even though its execution is suspended pending a term of probation." (*Scott*, *supra*, 58 Cal.4th at p. 1424, italics added.) *Scott* clarified that a "sentence includes more than the length of the term of

---

8      Citing *People v. Walker* (1991) 54 Cal.3d 1013, overruled by *People v. Villalobos* (2012) 54 Cal.4th 177, the People also assert, in passing, that Wiese's drug program fee claim is forfeited. The argument is not supported legally or factually, is not well developed, and consequently we will not consider it. (See generally *People v. Whalen* (2013) 56 Cal.4th 1, 74 [appellate claim not supported by argument or legal authority is forfeited].)

confinement." (*Ibid.*, citing *People v. Garcia* (2006) 147 Cal.App.4th 913, 916-917 [sex offender registration requirement was part of an executed sentence].) Here, the Legislature specifically required the court to include a term regarding payment (or nonpayment) of the drug program fee in the sentence for the offense that Wiese was convicted of, possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). (See Health & Saf. Code, § 11372.7, subds. (a), (b) ["If the court determines that the person does not have the ability to pay a drug program fee, the person shall not be required to pay a drug program fee." (*Id*., subd. (b).) In that respect, *Vega*, cited by the People, is not controlling authority as the issue there was whether the laboratory analysis fee (Health & Saf. Code, § 11372.5) could be imposed on defendants for a conviction of *conspiracy* to transport cocaine. (*Vega*, *supra*, 130 Cal.App.4th at p. 194.) *Vega* is thus neither legally or factually on point.

Wiese was sentenced once, and the terms of his sentence included nonpayment of the drug program fee. (*Scott*, *supra*, 58 Cal.4th at p. 1423.) The court was required to impose that *exact* sentence when Wiese's probation was revoked and his sentence was executed. The court's failure to do so was error, and we will order the portion of his sentence regarding payment of a drug program fee in case No. SCD248544 be stricken and the abstract of judgment corrected.

## DISPOSITION

In case No. SCD243786, the restitution fine of $480 (§ 1202.4, subd. (b)) imposed when sentence was executed is ordered stricken, and the restitution fine of $240 (§ 1202.4, subd. (b)) ordered at sentencing is reinstated.

11

In case No. SCD245844, the restitution fine of $3,360 (§ 1202.4, subd. (b)) and the drug program fee of $570 (Health & Saf. Code, § 11372.7) imposed when sentence was executed are ordered stricken, and the restitution fine of $2,000 (§ 1202.4, subd. (b)) ordered at sentencing is reinstated.

In case No. SCD251085, the restitution fine of $840 (§ 1202.4, subd. (b)) imposed when sentence was executed is ordered stricken, and the restitution fine of $280 (§ 1202.4, subd. (b)) ordered at sentencing is reinstated.

The superior court is ordered to modify the abstract of judgment to reflect the reinstated restitution fines in each of the three cases and the deletion of the drug program fee in case No. SCD245844. The superior court is also ordered to modify the abstract of judgment in case No. SCD251085 to reflect that the court imposed a three-year prison sentence, to be served concurrently with the six-year sentence in case No. SCD245844, not a 93-year sentence. The corrected abstract of judgment shall be forwarded to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.


                                                                IRION, J.

WE CONCUR:


HUFFMAN, Acting P. J.


AARON, J.

12