Filed 12/2/15  P. v. Foley CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

MARK ARNOLD FOLEY,

    Defendant and Appellant.

E062446

(Super.Ct.No. SWF1200710)

OPINION

APPEAL from the Superior Court of Riverside County.  Mark E. Johnson, Judge. Affirmed as modified in part; remanded with directions in part.

Trenton C. Packer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

1

In July 2012, pursuant to a plea agreement, defendant and appellant Mark Arnold Foley pled guilty to making criminal threats (Pen. Code, § 422)[1] and admitted that he had used a knife (§ 12022, subd. (b)(1)) in the commission of the offense. In return, the remaining allegations were dismissed and defendant was placed on probation for a period of 36 months on various terms and conditions, including serving 245 days in county jail and participating in the Veterans' Court Program. The trial court also imposed a $240 restitution fine, a $30 criminal conviction assessment fee, and a $40 court operations assessment fee.

In June 2014, a petition to revoke defendant's probation wad filed. Following a hearing in October 2014, the trial court found defendant had violated three of his probation terms by failing to obey all laws and court orders, failing to report any law enforcement contacts to his probation officer within 48 hours, and failing to complete an alcohol monitoring program.

In November 2014, the trial court denied defendant probation, and sentenced him to four years in state prison. The court awarded defendant presentence custody credits of 318 actual days spent in local custody, plus 318 days for conduct credits, for a total of 636 days. The court denied defendant's request to award him credit for the time he served in two residential treatment programs. In addition, the court ordered defendant to pay a $300 restitution fine, a $30 criminal conviction assessment fee, and a $40 court operations assessment fee. Defendant subsequently appealed.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

On appeal, defendant argues (1) the trial court erred in failing to award him credit of an additional 254 days for the time he spent in two different residential treatment facilities, and (2) the trial court erred when it imposed an increased restitution fine and duplicative court fees. Because the record is unclear as to whether defendant waived his right to receive credits for the time he spent in the residential treatment facilities, we will remand the matter for the trial court to determine this question and to award defendant additional credits, if necessary. We will also order the trial court to amend the abstract of judgment following the remand proceedings in accordance with the court's determination as to additional credits and with this opinion.

I

DISCUSSION[2]

A.      *Additional Credits for Time Spent in Residential Treatment Programs*

Prior to sentencing, defendant's trial counsel filed a sentencing memorandum in which he requested defendant be awarded 254 days credit for the time he spent in two residential treatment facilities. The prosecutor objected, arguing that the award of credits is "not permitted by law nor is it part of any arrangement or agreement we've ever made." The trial court denied defendant's request at the sentencing hearing, noting the court will not grant defendant's request for the time defendant spent at "New Directions

---

[2] The details of defendant's criminal conduct and probation violations are not relevant to the limited issues raised in this appeal, and we will not recount them here. Instead, we will recount only those facts and procedural background that are pertinent to the issues we must resolve in this appeal.

3

or Full Circle." In a motion for resentencing, defendant again pointed out that he was entitled to 254 days credit for the time he spent in the residential treatment facilities.

Defendant argues that he is entitled to presentence credit of an additional 254 days for the time he spent in the residential treatment programs. The People concede that a defendant is entitled to credit for time spent in a residential drug treatment program, but argues the matter must be remanded because the record is unclear as to whether defendant waived his right to accrue custody credits for his time in the residential treatment programs.

Section 2900.5, subdivision (a), provides: "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including, but not limited to, any time spent in a jail . . . halfway house, rehabilitation facility, hospital, prison . . . or similar residential institution, all days of custody of the defendant, including days served as a condition of probation in compliance with a court order . . . shall be credited upon his or her term of imprisonment, . . ."

It is undisputed that time spent in a residential treatment program as a condition of probation qualifies for presentence custody credit under section 2900.5, subdivision (a). (*People v. Jeffrey* (2004) 33 Cal.4th 312, 318; *People v. Johnson* (2002) 28 Cal.4th 1050, 1053; *People v. Davenport* (2007) 148 Cal.App.4th 240, 245; *People v. Thurman* (2005) 125 Cal.App.4th 1453, 1460.) A defendant can expressly waive section 2900.5 credits, so long as the waiver is "knowing and intelligent." (*Johnson*, at pp. 1054-1055.)

"The gravamen of whether such a waiver is knowing and intelligent is whether the defendant understood he was relinquishing or giving up custody credits to which he was

4

otherwise entitled under section 2900.5. ([*People v.*] *Burks* [(1998)] 66 Cal.App.4th [232,] 236, fn.3.). . . . [¶] The better practice is for sentencing courts to expressly admonish defendants who waive custody credits . . . ." (*People v. Arnold* (2004) 33 Cal.4th 294, 308-309.) We look to the totality of circumstances to determine if a waiver is voluntary and intelligent. (*People v. Salazar* (1994) 29 Cal.App.4th 1550, 1554, fn. 1.)

Notwithstanding defendant's arguments to the contrary, the record is unclear as to whether defendant waived his right to accrue custody credits for the time he spent in the residential treatment programs. The record does not contain the transcript of the plea hearing in which defendant entered his plea and was placed on probation. In addition, the felony plea form and the veterans' court plea agreement form are silent as to whether defendant waived his right to accrue credits for time spent in residential treatment facilities. Likewise, the court's minute order of the plea hearing and the sentencing memorandum filed as part of the plea document calculate defendant's credits as of the date defendant was placed on probation but are silent as to waiver of any credits for time spent in residential treatment facilities.

Furthermore, the record is also unclear as to how much time defendant spent in the residential treatment programs. We reject defendant's claim that because his counsel had requested 254 days credit on three separate occasions as the number of days to which defendant spent in the treatment facilities, the People never objected to the number of credits claimed, and the probation officer never corrected the credits claimed, all the parties acquiesced in the number of credits and there is no need to remand for calculation of credits. Defendant's argument assumes that the People and the probation department

5

believed defendant was entitled to credit for the time he spent in the two residential treatment programs. On the contrary, the prosecutor objected to defendant's request for time he spent in the residential treatment programs, asserting, "[t]hat's not permitted by law nor is it part of any arrangement or agreement we've ever made." Additionally, in the probation officer's notice of charged probation violations, the probation officer noted credits for "local time" served with no mention of credit for time spent in residential treatment programs. Thus, because the prosecutor and the probation officer believed defendant was not entitled to credit for the time defendant spent in the residential treatment programs, there was no need for either the People or the probation department to object to or correct the 254 days calculation.

We will remand the matter to allow the court to resolve the above questions. If, on remand, the court determines defendant is entitled to credit for the time he spent in the two residential treatment facilities, it shall then determine and award the appropriate presentence custody credits.

B. *Restitution Fines and Court Fees*

Defendant also asserts, citing *People v. Chambers* (1998) 65 Cal.App.4th 819 (*Chambers*), the trial court erred in increasing his restitution fine from $240 to $300 after revoking his probation and imposing the restitution fine twice. He further contends the trial court erred when it imposed the $40 court operations assessment fee and the $30 criminal conviction fee twice—once when he was originally placed on probation and again when his probation was revoked. The People agree.

6

Although defendant did not object below to the imposition of the second restitution fine and court operations and conviction fees, defendant did not forfeit the claim of error. (See *Chambers*, *supra*, 65 Cal.App.4th at p. 823 [failure to object at sentencing did not forfeit challenge on appeal because trial court exceeded its statutory authority in imposing the second restitution fine]; see also *People v. Andrade* (2002) 100 Cal.App.4th 351, 354 [failure to object to imposition of allegedly unauthorized parole revocation restitution fine did not forfeit challenge on appeal].)

Section 1202.4 requires the trial court to impose a restitution fine absent compelling and extraordinary reasons in every case resulting in a conviction. (§ 1202.4, subd. (b).) The restitution amount is set at the discretion of the court within a statutory range. (§ 1202.4, subd. (b)(1).)

In *Chambers,* "the trial court imposed two separate restitution fines for the same conviction: a $ 200 restitution fine at the time probation was granted and a $ 500 restitution fine at the time probation was revoked." (*Chambers*, *supra*, 65 Cal.App.4th at p. 823.) The question on appeal was whether the trial court was authorized to impose the higher restitution fine. The *Chambers* court concluded it was not and held "a restitution fine imposed at the time probation is granted survives the revocation of probation." (*Id.* at p. 820.) Likewise, we conclude the restitution fine of $300 imposed at the time defendant's probation was revoked was in error. The $240 restitution fine imposed when the trial court granted defendant probation survived the trial court's subsequent revocation of defendant's probation. Thus, the court lacked authority to impose the higher restitution fine of $300. When probation is revoked, the trial court has no

authority to impose a second restitution fine in a greater amount than the original fine. (*People v. Garcia* (2006) 147 Cal.App.4th 913, 917.)

For these same reasons, the trial court erred in imposing the $40 court operations assessment fee and the $30 criminal conviction fee twice. (Pen. Code, § 1465.8 [$40 court operations fee per "conviction"]; Gov. Code, § 70373 [criminal conviction fee "on every conviction for a criminal offense"]; *Chambers*, *supra*, 65 Cal.App.4th at pp. 822-823.)

Furthermore, as noted by the People, the parole revocation fine imposed by the trial court must be in the same amount as the restitution fine pursuant to section 1202.45. Section 1202.45, subdivision (a), provides: "In every case where a person is convicted of a crime and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4." Since the restitution fine must be reduced to $240, the parole revocation fine must also be reduced to the same amount. (*People v. Garcia*, *supra*, 147 Cal.App.4th at p. 918.)

We conclude the restitution and parole revocation fines in the amount of $300 are unauthorized and must be corrected to reflect fines in the amount of $240. In addition, the abstract of judgment should reflect only one court operations assessment fee in the amount of $40 and one criminal conviction fee in the amount of $30.

The People also correctly point out that the trial court failed to lift the suspension of a $240 probation revocation fine and order that defendant pay the fine after his

probation was revoked. When defendant was placed on probation, the trial court had imposed but stayed a $240 probation revocation fine, as it was required to do so by law, pursuant to section 1202.44. The statute provides: "In every case in which a person is convicted of a crime and a conditional sentence or a sentence that includes a period of probation is imposed, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional probation revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4." (§ 1202.44.) The probation revocation restitution fine is customarily imposed and stayed at the time the defendant is placed on probation. Where, as here, the defendant's probation is revoked, the fine then becomes due and payable. (*People v. Guiffre* (2008) 167 Cal.App.4th 430, 435.)

Here, the trial court failed to lift the suspension and order defendant to pay the $240 probation revocation fine. Accordingly, under our inherent authority to correct an unauthorized sentence, we modify the judgment to reflect the imposition of the $240 probation revocation fine pursuant to section 1202.44. (*People v. Smith* (2001) 24 Cal.4th 849, 853-854; *People v. Crooks* (1997) 55 Cal.App.4th 797, 811.)

II

DISPOSITION

The matter is remanded for further proceedings. On remand, if the trial court determines defendant is entitled to presentence credits for the time he spent in the two rehabilitation treatment facilities, the court shall determine the number of days defendant spent at the treatment facilities, and award presentence custody credit accordingly.

9

In addition, the judgment is modified to strike: (1) the Penal Code section 1202.4, subdivision (b) restitution fine in the amount of $300 and insert the correct fine of $240; (2) the Penal Code section 1202.45 parole revocation fine in the amount of $300 and insert the correct fine of $240; (3) the second Penal Code section 1465.8 court operations assessment fee in the amount of $40; and (4) the second Government Code section 70373 criminal conviction fee in the amount of $30. The judgment is also modified to reflect the imposition of the $240 probation revocation fine pursuant to Penal Code section 1202.44.

As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting the modifications and forward it to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ                    
P. J.


We concur:


KING                    
                J.


MILLER                    
                J.

10