Filed 12/23/20  P. v. Blancas CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DOMANIK CORDELL BLANCAS,<br><br>    Defendant and Appellant. | A158618<br><br>(Mendocino County Super. Ct. No. SCUK-CRCR-16-88380-1) |

Appellant Domanik Cordell Blancas appeals from an order revoking his probation for second degree robbery and sentencing him to prison for the two-year lower term.  (Pen. Code, §§ 211/212.5, subd. (c).)[1]  He contends the trial court should have awarded him additional custody credits for time spent in a residential treatment program because his waiver of those credits was not knowing and voluntary.  Appellant's challenge is to a probation condition imposed at the time of the original sentencing and as such is not cognizable in this appeal from a revocation of that probation.

---

[1] Further statutory references are to the Penal Code.

1

## I. BACKGROUND

In the early evening of November 25, 2016, 19-year-old appellant entered a market and placed a bottle of Hennessey whiskey in his sweatshirt pocket and began walking outside of the store. The female clerk, who was much smaller than appellant, stood in front of him as he attempted to leave and told him to return the bottle. Appellant pushed the clerk's body as he walked toward the door and told her, "Don't make me do it" when she refused to get out of his way. The clerk was frightened he would hurt her and as a result, appellant was successful in carrying the bottle of whiskey from the store. Appellant suffered from alcoholism and polysubstance drug addiction.

Appellant was arrested and was charged with second degree robbery. (§ 211, 212.5, subd. (c).) On December 21, 2016, before the preliminary hearing and against his counsel's advice, he pled no contest to the charge in exchange for an initial grant of probation.

On February 2, 2017, the court placed appellant on 36 months of probation with imposition of sentence suspended, conditioned upon his completion of 180 days residential treatment and no time in county jail. Although the order originally submitted by the probation officer imposed 120 days in county jail and the prosecutor agreed with this condition, after argument by defense counsel the court agreed not to impose any jail time and to send appellant directly to rehabilitation when a spot became available. Paragraph 6 of the probation order provided, "**Day-for-day credit is authorized in residential**

**treatment, upon successful completion.**" Paragraph 43 provided, "You shall enroll in and successfully complete a minimum six-month residential treatment program as directed by your Probation Officer. Also, you shall submit proof of enrollment, payment and program completion to your Probation Officer. You shall receive credit only upon successful completion." The court did not orally discuss appellant's credits while in residential treatment. Appellant signed the probation order.

A first petition to revoke probation was filed on May 17, 2017, alleging appellant had failed to report, failed to provide a monthly report, failed to provide proof of residential treatment, and failed to appear at a scheduled court hearing. On June 1, 2017, he admitted the violation and probation was reinstated on the same terms, conditioned upon the service of an additional 60 days in county jail. There was no discussion of credits for time spent in a rehabilitation program.

On December 4, 2017, a second amended petition alleging a probation violation was filed alleging that appellant had been discharged from the Ukiah Recovery Center, had failed to submit monthly reporting forms, and had failed to attend probation appointments. He admitted the violation on December 27, 2017, after defense counsel indicated, "I believe [appellant] will be admitting an admission for the 120-day recommendation. He will be eligible for day-to-day credit, if once accepted to rehab and transported there." His probation was reinstated on the same terms, conditioned upon his service of an additional 120 days in

county jail. The court indicated orally that the time could be served in a residential treatment program, and the written order provided, "Day for day credit is authorized upon successful completion of residential treatment."

A third petition to revoke appellant's probation was filed on April 5, 2018, alleging he had failed to complete monthly reporting forms, had failed to report to the probation officer, and had not submitted proof of participation in a residential treatment program. A third amended petition filed August 5, 2018 also alleged appellant had committed misdemeanor vandalism in violation of section 594, subdivision (a) and had failed to appear at a scheduled court date. Prison was the recommended disposition.

On August 27, 2019, the court held a probation revocation hearing. Appellant admitted the probation violation allegations with the exception of the allegation based on the new offense, and a hearing was held on that issue. The court found that appellant had committed the new offense and had violated a probation condition requiring him to obey all laws. It set the case for a sentencing hearing.

Appellant submitted a memorandum seeking credit for 50 days spent in a residential treatment program, notwithstanding his failure to successfully complete the same. He acknowledged that he signed the original probation conditions, which waived such credit unless the program was successfully completed. Appellant argued that his waiver was not knowing, voluntary and intelligent because he was not advised he would otherwise be

4

entitled to custody credits, whether or not he completed the program. He submitted an accompanying declaration stating that at the time he signed the probation conditions, he did not know he had a right to credit for every day spent in a residential treatment program or that he was waiving his right to such credit; no one advised him of this until his current attorney told him in August 2018 (at about the same time the third amended petition to revoke appellant's probation was filed).

On October 1, 2019, the court declined to reinstate probation and sentenced appellant to prison for the two-year lower term. It denied him credit for the time spent in residential treatment: "The agreement was that he would only get credits against a sentence if he completed successfully the treatment, and he did not complete the treatment. [¶] And he agreed to waive those credits unless he completed the program." The court did award 174 days presentence credits (152 actual days and 22 conduct credits) for time served in the county jail.

## II. DISCUSSION

A defendant is entitled to presentence custody credits for time spent in a residential treatment program. (§ 2900.5, subds. (a) & (f); *People v. Jeffrey* (2004) 33 Cal.4th 312, 318 (*Jeffrey*).)[2]

---

[2] A defendant is not entitled to *conduct* credit for time spent in a residential treatment program. (*People v. Downey* (2000) 82 Cal.App.4th 899, 920–921; *People v. Penoli* (1996) 46 Cal.App.4th 298, 305.) But it appears from paragraph 6 of the probation order authorizing "[d]ay-for-day credit. . . upon successful completion," that the parties anticipated appellant would receive day-for-day conduct credits upon successful completion of the program. (See *People v. Lara* (2012) 54 Cal.4th

Nothing precludes a defendant from waiving earned or future credits in exchange for a grant (or reinstatement) of probation. (*People v. Arnold* (2004) 33 Cal.4th 294, 307–308 (*Arnold*); *People v. Johnson* (2002) 28 Cal.4th 1050, 1054–1055 (*Johnson*); *People v. Johnson* (1978) 82 Cal.App.3d 183, 188.) "[W]hen probation is conditioned upon completion of a residential treatment program, custody credit waivers ensure the defendant's 'optimum chances of success in [the] treatment program, while reserving an appropriate sentence if, despite the opportunity received, the treatment program and probation are not completed." (*Johnson*, *supra*, 28 Cal.4th at p. 1056.) Such a waiver must, however, be knowing and intelligent under the totality of the circumstances. (*Arnold*, at p. 308; *People v. Arevalo* (2018) 20 Cal.App.5th 821, 830.)

Appellant argues that the trial court should have awarded him 50 days in credits for time spent in a residential treatment facility during his probationary period. He acknowledges he did not successfully complete a rehabilitation program, and further acknowledges that the terms of his probation granted him credit for time spent in such a program only if he successfully completed it. But he argues that he was not advised that the law recognized his entitlement to custody credits for time spent in a

---

896, 900 [referring to conduct credits under the "day-for-day" formula].) Given that appellant violated probation and was not awarded any conduct credit for time spent in the residential treatment program, we do not need to decide whether the parties can stipulate to credits to which the defendant is not entitled.

6

rehabilitation facility, and he did not knowingly and intelligently waive those credits.

Appellant has forfeited this issue by failing to raise it in a timely appeal from the original sentencing hearing. Pursuant to section 1237, subdivision (a), a defendant may appeal from an order granting probation. "In general, an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment. [Citations.] Thus, a defendant who elects not to appeal an order granting or modifying probation cannot raise claims of error with respect to the grant or modification of probation in a later appeal from a judgment following revocation of probation." (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421 (*Ramirez*).)

In *Ramirez*, the defendant was initially sentenced to four years in prison, but execution of that sentence was suspended, and he was placed on probation. (*Ramirez*, *supra*, 159 Cal.App.4th at p. 1418.) He violated probation multiple times, and in 2004 the parties agreed that the court would reinstate his probation but increase the execution-suspended prison sentence from four to five years. (*Id*. at p. 1419.) In an appeal from a subsequent order revoking probation and executing the five-year sentence in 2006, defendant argued that the 2004 increase in the sentence was unauthorized. (*Id*. at p. 1420.) The court of appeal agreed, noting the well-established rule that once a sentence is imposed it may not ordinarily be increased. (*Id*. at p. 1423.) But the court concluded that defendant, having failed to timely

7

appeal from the order increasing the sentence in 2004, could not raise the issue in an appeal from the revocation of probation and execution of sentence in 2006. (*Id.* at pp. 1420–1423, 1428.) It determined that the 2004 order increasing the length of the sentence was an act in excess of jurisdiction, rather than one lacking in fundamental jurisdiction that could be raised at any time. (*Id*. at pp. 1427–1428.)

Similarly, the court here had the power to order that appellant would only be entitled to credits for the time spent in a rehabilitation program if he completed that program. (*Johnson, supra,* 28 Cal.4th at p. 1056.) Issuing such an order without obtaining a knowing and voluntary waiver from appellant involved at most an act in excess of jurisdiction and did not involve the court's jurisdiction in the fundamental sense. Appellant failed to timely appeal the order granting probation in which he waived the right to credits for time spent in a rehabilitation program that he did not successfully complete. (See Cal. Rules of Court, rule 8.308(a) ["notice of appeal . . . must be filed within 60 days after the rendition of the judgment or the making of the order being appealed"].) He is foreclosed from challenging a probation condition imposed at the original sentencing hearing in February 2017 in an appeal from an order revoking his probation and sentencing him to prison in October 2019. (*Ramirez, supra*, 159 Cal.App.4th at pp. 1427–1429.)

It does not matter that appellant raised the issue in the trial court in conjunction with the hearing at which probation was revoked and a prison sentence imposed. The motion is

8

effectively one seeking to modify probation by eliminating the waiver of credits. "Because the order granting probation was appealable, [the defendant's] failure timely to do so precludes this belated attempt to appeal from an order denying modification. To hold otherwise would condone extending the jurisdictional time limit for filing appeals through bootstrapping." (*People v. Djekich* (1991) 229 Cal.App.3d 1213, 1219.)

We also conclude that *People v. Urke* (2011) 197 Cal.App.4th 766, 778–780 does not require a different result. Although the court in that case found that credit waivers given at previous hearings were invalid following an order revoking probation and sentencing the defendant to prison, the question of whether that issue was timely raised was apparently not before the court.

Appellant argues that a different result is required by *People v. McKenzie* (2020) 9 Cal.5th 40, 47 (*McKenzie*). There, the defendant had pled guilty to crimes that included prior drug conviction enhancements under Health and Safety Code section 11370.2 and was placed on probation with imposition of sentence suspended in 2014. (*Id*. at p. 43.) Probation was revoked and he was sentenced to prison in 2016; while his appeal from that judgment was not yet final, the governor signed Senate Bill 180 (2017–2018 Reg. Sess.), effective January 1, 2018, under which some of defendant's prior convictions no longer qualified for sentence enhancement. (*Id*. at pp. 43–44.) The court concluded the defendant was entitled to the ameliorative effect of the new

9

law under *In re Estrada* (1965) 63 Cal.2d 740, 744 (*Estrada*). (*McKenzie*, *supra*, 9 Cal.5th at pp. 44–45.)

In so holding, the court rejected an argument by the Attorney General that because the defendant had a right to appeal from the initial order placing him on probation with the imposition of sentence suspended, finality for purposes of the *Estrada* rule must be determined by reference to that order rather than the later order revoking probation and the appeal from that order.  (*McKenzie*, *supra*, 9 Cal.5th at p. 47.)  The court rejected the argument that "because defendant failed to appeal from the order granting probation he may not benefit from ameliorative amendments that took effect long after the time for taking an appeal from that order lapsed."  (*Id.* at p. 48.)

Here, we are not concerned with finality of a judgment for *Estrada* purposes.  Nothing in *McKenzie* suggests an abrogation of the rule that the failure to file a timely appeal from a court's order granting probation normally bars a challenge to conditions imposed as part of that order in an appeal from a later order revoking probation.  (*People v. Dagostino* (2004) 117 Cal.App.4th 974, 996–998; *People v. Dixon* (2003) 113 Cal.App.4th 146, 150–151; see also *People v. Connors* (2016)  3 Cal.App.5th 729, 734–736 [declining to follow *People v. Hackler* (1993) 13 Cal.App.4th 1049, 1057, which had considered validity of probation condition imposed at original sentencing hearing in a subsequent probation revocation hearing, noting that subsequent developments in the law barred such challenges].)

## III. DISPOSITION

The judgment is affirmed.

_____
                                        NEEDHAM, J.

We concur.



_____
SIMONS, Acting P. J.



_____
BURNS, J.




_People v. Blancas_ / A158618